UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD ADAMS,<br><br>                              Plaintiff,<br><br>         -against-<br><br>CO-OP CITY POLICE DEPARTMENT, et al.,<br><br>                              Defendants. | 21-CV-2675 (CM)<br><br>ORDER DIRECTING ORIGINAL SIGNATURE AND PAYMENT OF FEES OR AMENDED IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff brings this action *pro se*. For the reasons discussed below, within thirty days of the date of this order, Plaintiff must submit the attached declaration, and either pay the $402.00 in filing fees that are required to file a civil action in this Court or submit an amended *in forma pauperis* (IFP) application.

## DISCUSSION

**A.     Original Signature on Complaint**

Plaintiff submitted the complaint without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

To cure the complaint's lack of signature, Plaintiff is directed to complete, sign, and submit the attached declaration form to the Court within thirty days of the date of this order. By signing and submitting the declaration, Plaintiff is attesting that he is the party who brings this action.

B.     **Filing Fees or Amended IFP Application**

Further, to proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Plaintiff filed this action with a motion for leave to proceed IFP on appeal, but his responses to the questions do not establish that he is unable to pay the filing fees. Plaintiff does not provide any information concerning his income and financial situation, simply responding "0" or "N/A" to all questions on the application. Because Plaintiff fails to supply sufficient information about his employment, income, expenses, and any assets he may have, the Court is unable to conclude that he lacks sufficient funds to pay the filing fees for this action.

Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit an amended IFP application. If Plaintiff submits the amended IFP application, it should be labeled with docket number 21-CV-2675 (CM), and address the deficiencies indicated above by providing facts establishing that he is unable to pay the filing fees. Plaintiff must answer each question on the amended IFP application, state all sources of income and all monthly expenses, and describe how he is able to support himself. If the Court grants the amended IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* § 1915(a)(1).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. No summons shall issue at this time.

The Court directs Plaintiff, within thirty days of the date of this order, to complete, sign, and submit the attached declaration form, and either pay the $402.00 in filing fees that are

required to file a civil action or submit an amended IFP application. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 31, 2021
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge