UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWARD ADAMS,

                       Plaintiff,

-against-

CO-OP CITY POLICE DEPARTMENT, et al.,

                       Defendants.

21-CV-2675 (JPO)

ORDER OF SERVICE

---

J. PAUL OETKEN, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action alleging that Defendants used excessive force against him and falsely arrested and imprisoned him. Plaintiff's claims are construed as being brought under 42 U.S.C. § 1983 and state law. By order dated August 26, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

## DISCUSSION

**A.**     **Claims against the Co-Op City Department of Public Safety and the Riverbay Corporation**

Plaintiff brings claims against the Co-Op City Department of Public Safety, but identifies it as the Co-Op City Police Department. The Clerk of Court is directed to amend the caption of this action to replace the Co-Op City Police Department with the Co-Op City Department of Public Safety. *See* Fed. R. Civ. P. 21.

Further, in light of Plaintiff's *pro se* status and clear intention to assert claims against the Riverbay Corporation, the owner and operator of Co-Op City, the Court construes the complaint as asserting claims against the Riverbay Corporation, and directs the Clerk of Court to amend the caption of this action to add the Riverbay Corporation as a defendant. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the Riverbay Corporation may wish to assert.

B.  **Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Co-Op City Department of Public Safety, Riverbay Corporation, Officer Joel Lugo, Officer Thomas Charles, and Officer Ahmed through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the defendants.

Case 1:21-cv-02675-JPO   Document 13   Filed 09/10/21   Page 3 of 4

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to amend the caption of this action to replace the Co-Op City Police Department with the Co-Op City Department of Public Safety, and to add the Riverbay Corporation as a defendant. *See* Fed. R. Civ. P. 21.

The Clerk of Court is also directed to issue summonses, complete USM-285 forms with the addresses for Defendants Co-Op City Department of Public Safety, Riverbay Corporation, Officer Joel Lugo, Officer Thomas Charles, and Officer Ahmed, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated: September 10, 2021
New York, New York

_____
J. PAUL OETKEN
United States District Judge

3

## DEFENDANTS AND SERVICE ADDRESSES

1. Co-Op City Department of Public Safety
   2049 Bartow Avenue
   Bronx, New York 10475

2. Riverbay Corporation
   2049 Bartow Avenue
   Bronx, New York 10475

3. Officer Joel Lugo
   Co-Op City Department of Public Safety
   2049 Bartow Avenue
   Bronx, New York 10475

4. Officer Thomas Charles
   Co-Op City Department of Public Safety
   2049 Bartow Avenue
   Bronx, New York 10475

5. Officer Ahmed
   Co-Op City Department of Public Safety
   2049 Bartow Avenue
   Bronx, New York 10475