**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

**EDWARD ADAMS,**

                                 **Plaintiff,**

          **-against-**

**RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, OFFICER CHARLES THOMAS, OFFICER JOEL LUGO, OFFICER AHMED,**

                                **Defendants.**

**Civ. No.:  21 Civ. 2675**

----------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, JOEL LUGO, AND CHARLES THOMAS' MOTION TO DISMISS

Joseph A. Saccomano, Jr.
Delonie A. Plummer
JACKSON LEWIS P.C.
44 South Broadway
White Plains, New York 10601
(914) 872-8060

*Attorneys For Defendants*
*Riverbay Corporation, Co-op City*
*Department of Public Safety, Joel Lugo, and*
*Charles Thomas*

Date Filed:  November 11, 2021

## <u>TABLE OF CONTENTS</u>

**Page(s)**

PRELIMINARY STATEMENT ......................................................................................... 1

PROCEDURAL BACKGROUND....................................................................................... 2

MOTION TO DISMISS STANDARD OF REVIEW ....................................................... 2

POINT I       THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER
              PLAINTIFF'S CLAIMS............................................................................... 3

POINT II      PLAINTIFF'S CLAIMS ARE TIME-BARRED BY THE APPLICABLE
              STATUTE OF  LIMITATIONS. ................................................................. 4

CONCLUSION.................................................................................................................... 6

# <u>TABLE OF AUTHORITIES</u>

**Cases**

Page(s)

Allen v. Antal,
665 F. App'x 9 (2d Cir. 2016) ................................................................9

Aurecchione v. Schoolman Transp. Sys., Inc.,
426 F.3d 635 (2d Cir. 2005)................................................................6

Beni v. New York,
No. 18-cv-615, 2019 U.S. Dist. LEXIS 141397 (E.D.N.Y. Aug. 19, 2019) ............................6

Berlin v. Jetblue Airways Corp.,
436 F. Supp. 3d 550 (E.D.N.Y. 2020) ........................................................9

Davis v. Yeroushalmi,
985 F. Supp. 2d 349 (E.D.N.Y. 2013) ........................................................8

Donnelly v. United States,
550 Fed. Appx. 54 (2d Cir. 2014)............................................................6

Dukes v. N.Y. City Emples. Ret. Sys.,
581 Fed. Appx. 81 (2d Cir. 2014) ..........................................................8

La Grande v. Bond, Schoeneck & King, LLP,
No. 07-cv-0364 (GLS)(DRH), 2007 U.S. Dist. LEXIS 27117, 2007 WL
1166042 (S.D.N.Y. Apr. 11, 2007)........................................................7, 8

Mejia v. Davis,
No. 16-9706 (GHW), 2018 U.S. Dist. LEXIS 3064, 2018 WL 333829
(S.D.N.Y. Jan. 8, 2018)......................................................................8

Singh v. New York State Dep't of Taxation & Fin.,
No. 06-cv-002299C (LGF), 2011 U.S. Dist. LEXIS 83483, 2011 WL 3273465
(S.D.N.Y. July 28, 2011) ..................................................................6, 7

Universal Licensing Corp. v. Paola del Lungo S.p.A.,
293 F.3d 579 (2d Cir. 2002)................................................................7

Widad v. Brooklyn Pub. Library,
No. 15-cv-4312 (MKB), 2015 U.S. Dist. LEXIS 154087, 2015 WL 7159796
(E.D.N.Y. Nov. 13, 2015)..................................................................7

**Statutes**

28 U.S.C. § 1331.................................................................................................................8

28 U.S.C. § 1332(a)...........................................................................................................7

## PRELIMINARY STATEMENT

Defendants, Riverbay Corporation and Co-Op City Department of Public Safety (collectively "Riverbay")[1], Detective Joel Lugo, and Sergeant Charles Thomas[2] (collectively referred to herein as "Defendants")[3] respectfully submit this Memorandum Of Law In Support Of Their Motion To Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). In his Complaint, Plaintiff Edward Adams (hereinafter "Plaintiff") asserts claims of assault, battery, and false imprisonment occurring during the course of three arrests.

Plaintiff's Complaint should be dismissed because: (1) the Complaint does not assert claims within this Court's subject matter jurisdiction, and (2) the Complaint asserts claims that are time-barred by the one-year statute of limitations for assault, battery, and false imprisonment under New York State law. For these reasons, and based on the case law cited herein, this Court must grant Defendants' Motion To Dismiss Plaintiff's Complaint in its entirety.

---

[1] Co-op City Department of Public Safety (the "Department") is operated by Riverbay Corporation.
[2] Sergeant Charles Thomas is incorrectly named herein as "Officer Thomas Charles".
[3] Individual Defendant Marcelo Ahmed is not represented by the undersigned counsel, and thus has not been served.

## PROCEDURAL BACKGROUND

On March 30, 2021, Plaintiff initiated the present action by filing a Complaint with the United States District Court for the Southern District of New York (hereinafter "Complaint").[4] Plaintiff's Complaint alleges various allegations of assault, battery, and false imprisonment arising under the New York Civil Practice Rules ("CPLR") Section 215(3) occurring on or before March 22, 2020.

## MOTION TO DISMISS STANDARD OF REVIEW

Defendants' present Motion To Dismiss is made pursuant to Fed. R. Civ. P. Rules 12(b)(1) and 12(b)(6). When deciding a Rule 12 motion to dismiss, the Court "must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff." See Beni v. New York, CV 18-615 (JMA)(ARL), 2019 U.S. Dist. LEXIS 141397, at *7 (E.D.N.Y. Aug. 19, 2019).

On a motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(1), a court must dismiss a claim if it "lacks the statutory or constitutional power to adjudicate it." Donnelly v. United States, 550 Fed. Appx. 54 (2d Cir. 2014). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). A motion to dismiss made pursuant to Fed. R. Civ. P. Rule 12(b)(6) challenges whether, on its face, the Complaint states a claim upon which relief can be granted. On a motion to dismiss under Rule 12(b)(6), the courts look to the four corners of the complaint and are required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. Singh v. New York State Dep't of Taxation & Fin., No. 06-cv-002299C (LGF), 2011 U.S. Dist. LEXIS 83483, 2011 WL 3273465, at *46 (S.D.N.Y. July 28,

---

[4]A true and correct copy of Plaintiff's Federal Court Complaint is attached as Exhibit A to the Affidavit of Joseph A. Saccomano, Jr. In Support of Defendants' Motion To Dismiss.

2011).  An affirmative defense may be presented on a Rule 12(b)(6) motion provided that the facts supporting the defense appear on the face of the complaint.  See Id. at * 58, (citing McKenna v. Wright, 386 F.3d 432, 436 (2d Cir. 2004)).   A complaint may be dismissed for failure to state a claim if the complaint clearly shows that the claim is time-barred. See Singh, 2011 U.S. Dist. LEXIS 83484, at * 58, (citing Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999)).

## POINT I

## THIS COURT LACKS SUBJECT MATTER JURISDICTION
## OVER PLAINTIFF'S CLAIMS.

Federal jurisdiction is available only when a federal question is presented or when the parties are of diverse citizenship and the amount in question exceeds $75,000. See La Grande v. Bond, Schoeneck & King, LLP, No. 07-cv-0364 (GLS)(DRH), 2007 U.S. Dist. LEXIS 27117, 2007 WL 1166042, at *3 (S.D.N.Y. Apr. 11, 2007). Diversity jurisdiction exists only if there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $ 75,000. See 28 U.S.C. § 1332(a). The party seeking to invoke diversity jurisdiction must establish that complete diversity existed at the time the action was commenced. See Universal Licensing Corp. v. Paola del Lungo S.p.A., 293 F.3d 579, 581 (2d Cir. 2002). Here, Plaintiff, Riverbay, and the Individual Defendants are not of diverse citizenship. Riverbay is incorporated under the laws of New York State and maintains its principle place of business in New York. See Universal, 293 F.3d 579 at 581 ("a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated"). Moreover, Plaintiff and the Individual Defendants are residents of New York. Thus, complete diversity does not exist here. See Widad v. Brooklyn Pub. Library, No. 15-cv-4312 (MKB), 2015 U.S. Dist. LEXIS 154087, 2015 WL 7159796, at *6 (E.D.N.Y. Nov. 13, 2015) (finding no diversity jurisdiction and dismissing plaintiff's complaint).

Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over all civil actions arising under federal statutes.  See 28 U.S.C. § 1331. "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States". See Id. If a plaintiff seeks to bring only state law claims in federal court, there is "no federal question to establish jurisdiction under 28 U.S.C. § 1331." See Dukes v. N.Y. City Emples. Ret. Sys., 581 Fed. Appx. 81, 82 (2d Cir. 2014).  Dismissal "for want of jurisdiction" is appropriate "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." Davis v. Yeroushalmi, 985 F. Supp. 2d 349, 357 (E.D.N.Y. 2013).

Here, Plaintiff does not plead claims under any federal statute warranting this Court's jurisdiction. Plaintiff merely asserts tort claims under state law common law. None of Plaintiff's claims for assault, battery, or false imprisonment arise under federal law. As a result, there is no federal question to establish jurisdiction under 28 U.S.C. § 1331. This Court should dismiss the Complaint for lack of subject matter jurisdiction. See La Grande, U.S. Dist. LEXIS 27117, 2007 WL 1166042, at *5 (dismissing plaintiff's common law tort claims for lack of subject matter jurisdiction).

### POINT II

### PLAINTIFF'S CLAIMS ARE TIME-BARRED
### BY THE APPLICABLE STATUTE OF LIMITATIONS.

Assuming this Court has jurisdiction over Plaintiff's claims – which Defendants deny – Plaintiff's claims of assault, battery, and false imprisonment must be dismissed because they are barred by the statute of limitations under New York law. See N.Y. C.P.L.R. § 215 ("The following actions shall be commenced within one year . . . an action to recover damages for assault, battery, [and] false imprisonment."); see also Mejia v. Davis, No. 16-cv-9706 (GHW), 2018 U.S.

Dist. LEXIS 3064, 2018 WL 333829, at *20 (S.D.N.Y. Jan. 8, 2018) ("Under New York law, the statute of limitations for intentional torts, including false arrest [. . .] is one year." (citing N.Y. C.P.L.R. § 215(3)(alterations made).

   In his Complaint, Plaintiff asserts claims related to three arrests occurring in January 2018, on March 25, 2018, and on March 22, 2020. Plaintiff filed the instant action on March 30, 2021, outside the one-year statute of limitations period for his claims under C.P.L.R. § 215(3). See Berlin v. Jetblue Airways Corp., 436 F. Supp. 3d 550, 566-67 (E.D.N.Y. 2020)(dismissing assault, battery, and false imprisonment claims brought outside the one-year statute of limitations period); Allen v. Antal, 665 F. App'x 9, 13 (2d Cir. 2016) (dismissing state law claims of false imprisonment, assault and battery as barred by the statute of limitations). Assuming this Court holds that at a minimum, the March 22, 2020 arrest is not time-barred, the March 22, 2020 arrest was not made by Riverbay, and thus this allegation is not properly pled. All of Plaintiff's claims are either time-barred or do not relate to any of the named Defendants.

   Based on the foregoing, Plaintiff's claims of assault, battery, and false imprisonment must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and as barred by the one-year statute of limitations.  Defendants submit that Plaintiff's Complaint should be dismissed in its entirety.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court: (1) grant their Motion to Dismiss in its entirety with prejudice; and (2) grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway
White Plains, New York 10601
(914) 872-8060

By: _____

Joseph A. Saccomano, Jr.
Delonie A. Plummer

*Attorneys For Defendants Riverbay*
*Corporation, Co-op City Department of*
*Public Safety, Joel Lugo, and Charles*
*Thomas*

Dated: White Plains, New York
        November 11, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

..................................................................X

EDWARD ADAMS,

                                Plaintiff,

                 -against-

RIVERBAY CORPORATION, CO-OP         Civ. No.:  21 Civ. 2675
CITY DEPARTMENT OF PUBLIC
SAFETY, OFFICER CHARLES
THOMAS, OFFICER JOEL LUGO,
OFFICER AHMED,

                                Defendants.
..................................................................X

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendants' Memorandum of Law in Support of Their Motion to Dismiss has been filed via ECF and served via U.S. Regular Mail on the 11th day of November 2021 on *Pro Se* Plaintiff at the address below:

Edward P. Adams
140 Alcott Place, #10D
Bronx, NY 10475
(646) 960-6977
*Pro Se Plaintiff*


*/s/Michelle Provost*
Michelle Provost