UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

EDWARD ADAMS,

                      **Plaintiff,**

    -against-

RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, OFFICER CHARLES THOMAS, OFFICER JOEL LUGO, OFFICER AHMED,

Civ. No.: 21 Civ. 2675

                      **Defendants.**

------------------------------------------------------------------------X

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, JOEL LUGO, AND CHARLES THOMAS' MOTION TO DISMISS

Joseph A. Saccomano, Jr.
Delonie A. Plummer
JACKSON LEWIS P.C.
44 South Broadway
White Plains, New York 10601
(914) 872-8060

*Attorneys For Defendants
Riverbay Corporation, Co-op City
Department of Public Safety, Joel Lugo, and
Charles Thomas*

Date Filed:   November 29, 2021

## **TABLE OF CONTENTS**

Preliminary Statement.................................................................................................................. 1

    Point 1 - Plaintiff Does Not Allege Any Facts To Establish This Court's Jurisdiction. ........................................................................................................................1

    Point II - Plaintiff Does Not Allege Facts To Establish That His Claims Are Timely. .......2

Conclusion  ................................................................................................................... 3

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

Allen v. Antal,
　665 F. App'x 9 (2d Cir. 2016) ...................................................................................................2

Berlin v. Jetblue Airways Corp.,
　436 F. Supp. 3d 550 (E.D.N.Y. 2020) .......................................................................................2

La Grande v. Bond, Schoeneck & King, LLP,
　No. 07-cv-0364 (GLS)(DRH), 2007 U.S. Dist. LEXIS 27117, 2007 WL
　1166042 (S.D.N.Y. Apr. 11, 2007) ............................................................................................2

Widad v. Brooklyn Pub. Library,
　No. 15-cv-4312 (MKB), 2015 U.S. Dist. LEXIS 154087, 2015 WL 7159796
　(E.D.N.Y. Nov. 13, 2015) ..........................................................................................................1

**Other Authorities**

Federal Rules of Civil Procedure Rule 12(b)(1) ............................................................................1, 2

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................................1, 2

New York Civil Practice Rule Section 215(3) ..................................................................................2

# PRELIMINARY STATEMENT

Defendants, Riverbay Corporation and Co-Op City Department of Public Safety (collectively "Riverbay")[1], Detective Joel Lugo, and Sergeant Charles Thomas[2] (collectively referred to herein as "Defendants")[3] respectfully submit this Reply Memorandum Of Law In Further Support Of Their Motion To Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

In his Opposition to Defendants' Motion To Dismiss ("Plaintiff's Opposition"), Plaintiff fails to establish this Court's jurisdiction over his state common law assault, battery, and false imprisonment claims. Plaintiff further fails to establish that his claims are timely under the applicable statute of limitations. Instead, Plaintiff recounts the factual allegations of the three arrests asserted in the Complaint.[4] Plaintiff's recitation of his arrest record is not sufficient to survive a motion to dismiss. Thus, Plaintiff's Complaint should be dismissed in its entirety.

## POINT I

## PLAINTIFF DOES NOT ALLEGE ANY FACTS TO ESTABLISH THIS COURT'S JURISDICTION.

In opposition, Plaintiff fails to provide any additional information to establish that this Court has subject matter jurisdiction over his state law claims. There are simply no allegations or evidence in the Complaint or in Plaintiff's Opposition to establish subject matter jurisdiction. As stated in Defendants' moving papers, the individual Parties are all citizens of New York. Riverbay is incorporated under the laws of New York State. Plaintiff cannot establish complete diversity to warrant subject matter jurisdiction. See Widad v. Brooklyn Pub. Library, No. 15-cv-

---

[1] Co-op City Department of Public Safety (the "Department") is operated by Riverbay Corporation.
[2] Sergeant Charles Thomas is incorrectly named herein as "Officer Thomas Charles".
[3] Individual Defendant Marcelo Ahmed is not represented by the undersigned counsel, and thus has not been served.
[4] A Copy of Plaintiff's Opposition To Defendants' Motion To Dismiss is attached hereto as Exhibit A.

1

4312 (MKB), 2015 U.S. Dist. LEXIS 154087, 2015 WL 7159796, at *6 (E.D.N.Y. Nov. 13, 2015) (finding no diversity jurisdiction and dismissing plaintiff's complaint). Similarly, Plaintiff does not allege additional facts in opposition to demonstrate that his claims arise under federal law. Plaintiff solely asserts state intentional tort claims in his Complaint and in opposition. His claims are not within this Court's jurisdiction. See La Grande v. Bond, Schoeneck & King, LLP, No. 07-cv-0364 (GLS)(DRH), 2007 U.S. Dist. LEXIS 27117, 2007 WL 1166042, at *5 (S.D.N.Y. Apr. 11, 2007) (dismissing plaintiff's common law tort claims for lack of subject matter jurisdiction).

## POINT II

### PLAINTIFF DOES NOT ALLEGE FACTS TO ESTABLISH THAT HIS CLAIMS ARE TIMELY.

In opposition, Plaintiff does not assert additional allegations or put forth any evidence to demonstrate that his claims are timely. In fact, Plaintiff reiterates that the three arrests occurred in January 2018, on March 25, 2018, and between March 20-22, 2020. Plaintiff commenced this action on March 30, 2021, beyond the one-year statute of limitations period under the New York Civil Practice Rules Section 215(3). Plaintiff's claims must be dismissed as untimely. See Berlin v. Jetblue Airways Corp., 436 F. Supp. 3d 550, 566-67 (E.D.N.Y. 2020)(dismissing assault, battery, and false imprisonment claims brought outside the one-year statute of limitations period); Allen v. Antal, 665 F. App'x 9, 13 (2d Cir. 2016) (dismissing state law claims of false imprisonment, assault and battery as barred by the statute of limitations).

Plaintiff's claims of assault, battery, and false imprisonment must be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction and as barred by the one-year statute of limitations. Defendants submit that Plaintiff's Complaint should be dismissed in its entirety.

## **CONCLUSION**

Based on the foregoing and in Defendants moving papers, Defendants respectfully request that the Court: (1) grant their Motion to Dismiss in its entirety with prejudice; and (2) grant Defendants such other and further relief as the Court deems just and proper.

                                                    Respectfully submitted,

                                                    JACKSON LEWIS P.C.
                                                    44 South Broadway
                                                    White Plains, New York 10601
                                                    (914) 872-8060

By: _____
                                                    Joseph A. Saccomano, Jr.
                                                    Delonie A. Plummer

                                                    *Attorneys For Defendants Riverbay Corporation, Co-op City Department of Public Safety, Joel Lugo, and Charles Thomas*

Dated:  White Plains, New York
          November 29, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

**EDWARD ADAMS,**

                        **Plaintiff,**

    -against-

**RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, OFFICER CHARLES THOMAS, OFFICER JOEL LUGO, OFFICER AHMED,**

                        **Defendants.**

Civ. No.: 21 Civ. 2675

-------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss has been filed via ECF and served via U.S. Regular Mail on the 29th day of November 2021 on *Pro Se* Plaintiff at the address below:

Edward P. Adams
140 Alcott Place, #10D
Bronx, NY 10475
(646) 960-6977
*Pro Se Plaintiff*

                                                        */s/Michelle Provost*
                                                        Michelle Provost