UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

EDWARD ADAMS,

                              **Plaintiff,**

    -against-

RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, OFFICER CHARLES THOMAS, OFFICER JOEL LUGO, OFFICER AHMED,

                              **Defendants.**

Civ. No.: 1:21-cv-02675 (JPO)(BCM)

-------------------------------------------------------------------------X

# DEFENDANTS RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, JOEL LUGO, AND CHARLES THOMAS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Joseph A. Saccomano, Jr.
Poonam Sethi
JACKSON LEWIS P.C.
44 South Broadway
White Plains, New York 10601
(914) 872-8060

*Attorneys For Defendants*
*Riverbay Corporation, Co-op City*
*Department of Public Safety, Joel Lugo, and*
*Charles Thomas*

# **TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ................................................................................................... 1

FACTS ........................................................................................................................................... 3

ARGUMENT .................................................................................................................................. 4

SUMMARY JUDGMENT STANDARD ...................................................................................... 4

      POINT I:      PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE IT DOES NOT COMPLY WITH FRCP 56 AND LOCAL RULE 56.1 AND THE IRRELEVANT AND UNSUPPORTED EVIDENTIARY SUBMISSIONS SHOULD BE DISREGARDED AND STRICKEN ................................................................................................ 6

      POINT II:     PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS CLAIMS……………………………………………10

            A.     The Court Does Not Have Subject Matter Jurisdiction Over This Matter ..........................................................10

            B.     Plaintiff's Claims Are Time-Barred By The Applicable Statute of Limitations ...................................................11

      POINT III:    IF DEFENDANTS' MOTION TO DISMISS IS DENIED AND THE COURT ACCEPTS PLAINTIFF'S DEFICIENT MOTION, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS PREMATURE ............................................................11

CONCLUSION.............................................................................................................................12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Alster v Goord*,
    745 F Supp 2d 317 (S.D.N.Y. 2010)...................................................................................5

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)........................................................................................................4, 5

*Batista v City of NY*,
    2020 US Dist LEXIS 59595 (S.D.N.Y. Apr. 3, 2020)........................................................6

*Beckman v. U.S. Postal Serv.*,
    79 F. Supp. 2d 394 (S.D.N.Y. 2000)..................................................................................9

*Cont. Cas. Co. v Marshall Granger & Co.*,
    921 F Supp 2d 111 (SDNY 2013) ....................................................................................12

*Cruz v Wyckoff Hgts. Med. Ctr.*,
    2016 US Dist LEXIS 94284 (SDNY July 19, 2016) .........................................................7

*Diresta v Biz2Credit, Inc.*,
    No. 21-cv-208 (LJL), 2021 US Dist LEXIS 242357 (S.D.N.Y. Dec. 20, 2021) ................8

*Fincher v. Depository Tr. & Clearing Corp.*,
    604 F.3d 712 (2d Cir. 2010)...............................................................................................4

*Greenridge v. Allstate Ins. Co.*,
    446 F.3d 356 (2d Cir. 2006)...............................................................................................8

*Holtz v. Rockefeller & Co.*,
    258 F.3d 62 (2d Cir. 2001).................................................................................................6

*King v Puershner*,
    No. 17-CV-1373 (KMK), 2019 US Dist. LEXIS 160224 (S.D.N.Y. Sep. 18,
    2019) ..................................................................................................................................5

*Martinez v. City of New York*,
    2003 U.S. Dist. LEXIS 7295 (S.D.N.Y. Apr. 29, 2003).....................................................8

*Mena v City of NY*,
    2014 US Dist LEXIS 91105 (S.D.N.Y. June 27, 2014)......................................................6

*Sesay-Harrell v NY City Dept. of Homeless Servs.*,
    2013 US Dist. LEXIS 170160 (S.D.N.Y. Dec. 2, 2013) ....................................................5

*Southwick Clothing LLC v. GFT (USA) Corp.*,
    2004 U.S. Dist. LEXIS 25336 (S.D.N.Y. Dec. 15, 2004) ........................................................9

**Statutes**

28 U.S.C. § 1331................................................................................................................................10

28 U.S.C. § 1332(a)...........................................................................................................................10

C.P.L.R. § 215(3)...............................................................................................................................11

Fed. R. Civ. P. 56................................................................................................................ *passim*

Fed. R. Civ. P. 12(b)(1)……………………………………………………………………….3

Fed. R. Civ. P. 12(b)(1)……………………………………………………………………….3

Fed. R. Evid. 403 ................................................................................................................................9

**PRELIMINARY STATEMENT**

Defendants, Riverbay Corporation and Co-Op City Department of Public Safety (collectively "Riverbay")[1], Detective Joel Lugo, and Sergeant Charles Thomas[2] (collectively referred to herein as "Defendants")[3] respectfully submit this Memorandum Of Law In Opposition to Plaintiff's Motion for Summary Judgment. Plaintiff Edward Adams (hereinafter "Plaintiff") fails to demonstrate he is entitled to summary judgment on his claims of assault, battery, and false imprisonment allegedly occurring during the course of three arrests. Plaintiff's Motion for Summary Judgment should be denied because it: (1) does not comply with Fed. R. Civ. Pro. 56 and S.D.N.Y. Local Rule 56.1; (2) is based on conclusory and unsubstantiated speculative allegations; and (3) is premature since Defendants' Motion to Dismiss is currently pending and no discovery has taken place in this matter.

As an initial matter, Plaintiff's motion must be denied because Plaintiff seeks summary judgment on claims never before raised. His statement of uncontroverted material facts must be disregarded by the Court because they are simply a list of unsupported allegations. Plaintiff's Declaration and Statement of Undisputed Material Facts ("Declaration") in Support for his Motion for Summary Judgment are replete with mischaracterizations, recitation of new allegations, and purported "facts" alleging there is no dispute in the evidence. The following examples illustrate why Plaintiff's "support" for summary judgment should be disregarded by the Court:

- As noted in my letter Addressed to the U.S. District on 12/29/21, my mom

---

[1]   Co-op City Department of Public Safety (the "Department") is operated by Riverbay Corporation.

[2]   Sergeant Charles Thomas is incorrectly named herein as "Officer Thomas Charles".

[3]   Individual Defendant Marcelo Ahmed is not represented by the undersigned counsel, and thus has not been served.

has endured stolen credit card information from this internet hacking In which they Optimum Cable/Internet company is contracted to defendant RiverBay Corporation whom manages the property where I reside at 140 Alcott Place 10D Bronx, NY 10475. With my recent revelation to the U.S. district as to this RiverBay Corporation and their Co-Op Security Force following me around Bronx County and illegally hacking into my internet service , which my phone is linked to the Wi-Fi connection which allowed them illegally ping my cell phone , also recording my home phone calls which is a separate phone line and stalk me around Bronx county with their employees. The reason I know they hack is from RiverBay Corporation is because RiverBay Corporation has contracted all Cable service/internet service through Optimum Cable service for all Co-OP City Residents… See Declaration, page 1.

- My claim of the recent invasion of privacy and stalking isn't outside of the realms of Defendants capabilities. However, it's obsessive, stalking and illegal… See Declaration, page 2.

- RiverBay Corporation more than likely illegally hacked into my Wi-Fi as they were able to illegally ping my phone and locations. See Declaration, page 2.

- Furthermore, The RiverBay Corporation employees they have following me around have shown up in public parks where I exercise, following me on public buses, and NYC Transit following my route home. RiverBay Corporation and its Security Force could've been following me around for

    something much more sinister. See Declaration, page 2.

- However, it is upon my belief that RiverBay Corporation and Their Security Force has been busy invading on my privacy and hacking my internet and illegally pinging my phone, stalking me around Bronx county. See Declaration, page 2.

  The "facts" in Plaintiff's Declaration supposedly demonstrating his claims are entirely speculative, conclusory and are his personally held opinions, made without support of admissible evidence, thus failing to establish a prima facie case of any claim. Plaintiff's attempts to bolster his motion by asserting claims not otherwise pleaded in the Amended Complaint – i.e., that Defendants are stalking and hacking Plaintiff – should be ignored and stricken by this Court. There is no legal or factual support for Plaintiff's *theories* outlined above.

  Further, Defendants' Motion to Dismiss is pending pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and that his claims are barred by the one-year statute of limitations. Summary judgment is premature as Defendants' motion has not been decided nor have they filed an answer. For these reasons, Plaintiff's Motion for Summary Judgment should be denied in its entirely.

## **FACTS**[4]

  Defendants refer the Court to their Counterstatement of Material Facts pursuant to Rule 56.1 and accompanying Affirmation and exhibits, which is incorporated by reference. Plaintiff's attempts to manufacture issues of fact through mere speculation, conjecture, and gross misrepresentations and mischaracterizations are unavailing and should be disregarded. *See*

---

[4] The "facts" set forth herein are submitted solely for purposes of this motion. Defendant reserves the right to contest any assertions contained herein in any future proceeding.

Declaration. Plaintiff does little more than lay out his conclusory, speculative "beliefs" and allegations against Defendants and relies extensively on inadmissible evidence. He cites irrelevant case precedent to support his theories. Plaintiff relies on his distrust of virtually every person involved in the case – including Defendants' defense counsel– to support his uncorroborated claims.

## ARGUMENT

## SUMMARY JUDGMENT STANDARD

Under federal law, a "party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. § 56(a). In the context of a summary judgment motion, the initial burden is on the movant to demonstrate the absence of a genuine issue of material fact. Fed. R. Civ. Pro. 56(a). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal citation and quotation marks omitted). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[ ] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). In reviewing the record, "the judge's function is not himself to weigh the evidence and determine the truth of the matter," nor is it to determine a witness's credibility. *Anderson*, 477

4

U.S. at 249. Rather, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Id*. at 250.

Courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *Alster v Goord*, 745 F Supp. 2d 317, 331 (S.D.N.Y. 2010). Even if this Court were to consider any of Plaintiff Pro Se's extrinsic facts, Plaintiff cannot prevail on a Motion For Summary Judgment. As noted above, the extrinsic facts are highly disputed, no discovery has taken place in this action such that Defendants could present pertinent opposition to Plaintiff's Summary Judgment Motion. The majority of Plaintiff's papers rely upon alleged facts which are not alleged in Plaintiff's Amended Complaint, and which should therefore be disregarded by the Court. In addition, Plaintiff cannot rely on mere allegations in his Amended Complaint as support for his Motion for Summary Judgment. *See, e.g.*, *King v Puershner*, No. 17-CV-1373 (KMK), 2019 U.S. Dist. LEXIS 160224, at *15 (S.D.N.Y. Sep. 18, 2019)( proceeding pro se does not otherwise relieve a litigant of the usual requirements of summary judgment, and a pro se party's bald assertions unsupported by evidence . . . are insufficient to overcome a motion for summary judgment). Nonetheless, a *pro se* litigant must still be held to the normal requirements of summary judgment, and "bald assertion[s]," unsupported by evidence, will not overcome a motion for summary judgment. *Sesay-Harrell v NY City Dept. of Homeless Servs.*, No. 12 Civ. 925 (KPF), 2013 U.S. Dist. LEXIS 170160, at *30 (S.D.N.Y. Dec. 2, 2013)

# POINT I

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT MUST BE DENIED BECAUSE IT DOES NOT COMPLY WITH FRCP 56 AND LOCAL RULE 56.1 AND THE IRRELEVANT AND UNSUPPORTED EVIDENTIARY SUBMISSIONS SHOULD BE DISREGARDED AND STRICKEN.**

Under Rule 56(c), a party asserting that a fact cannot be genuinely disputed must support the assertion by "citing to particular parts in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, interrogatory answers, or other materials . . ." Fed R. Civ. P. 56(c). Local Rule 56.1(D) further requires that "each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)." Plaintiff has not complied with these requirements. While Plaintiff is a *pro se* litigant, his Motion falls far short of the most basic requirements of a Motion for Summary Judgment and it should be dismissed. *See, e.g.*, *Batista v City of NY*, No. 17 Civ. 1994 (KPF), 2020 U.S. Dist. LEXIS 59595, at *12 (S.D.N.Y. Apr. 3, 2020).

A Rule 56.1 statement "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001). Therefore, "where the record does not support the assertions in a Local 56.1 statement, those assertions [are] disregarded and the record reviewed independently." *Id*. Plaintiff's Rule 56.1 statement is four paragraphs where he simply reiterates his claims with no support or citations to record evidence. *See* Declaration, page 4. Plaintiff's "undisputed facts" are, therefore, inadequate for summary judgment. *Mena v City of NY*, No. 12 Civ. 0028 (CM), 2014 U.S. Dist. LEXIS 91105,

6

at *13 (S.D.N.Y. June 27, 2014) (at the summary judgment stage, a pro se plaintiff is not excused from laying bare his proof—in the form of admissible evidence).

Indeed, no aspect of Plaintiff's Motion conforms to Rule 56 or this Court's Local Rule for summary judgment motions. Instead, Plaintiff attaches a handful of exhibits to his Declaration, leaving most of his arguments completely unsupported by record evidence. *See* Declaration. In tacit recognition that Plaintiff's assault, battery, and false imprisonment claims are not viable, his response to Defendants' Motion to Dismiss was to move for summary judgment and pivot to other allegations of "corruption." *See* Declaration. Plaintiff's argument that his motion should be granted rests upon the erroneous assertion that "no Jury in this great land of America would rule in the defendant's favor." Declaration, page 4. This argument, which relies upon purported "evidence," in fact rests exclusively upon speculation and conjecture. Pursuant to Fed. R. Civ. P. 56(e), Defendants object and seek to strike these vague and unsupported assertions statements contained in Plaintiff's Declaration that bear no relevance on this matter and are only submitted with the prejudicial intent to inflame the Court. The allegations fail to raise a bona fide argument that this Court may consider.

An affidavit or declaration used to support a summary judgment motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). Courts in this Circuit strike all assertions that contain inadmissible hearsay, are not based on personal knowledge, or make generalized and conclusory statements. *See, e.g.*, *Cruz v Wyckoff Hgts. Med. Ctr.*, No. 13 Civ. 8355 (ER), 2016 U.S. Dist. LEXIS 94284, at *4 (S.D.N.Y. July 19, 2016). Plaintiff's speculations, generalities, and gut feelings, however genuine, when they are not

7

supported by specific facts, do not allow for an inference. *See e.g.*, *Diresta v Biz2Credit, Inc.*, No. 21-cv-208 (LJL), 2021 U.S. Dist. LEXIS 242357, at *15 (S.D.N.Y. Dec. 20, 2021).

In Plaintiff's Declaration, numerous assertions contain inadmissible evidence or are based on generalized and conclusory statements. His Motion for Summary Judgment lacks detail on his claims of assault, battery, and false imprisonment and concludes the support for his claims is a January 3, 2022 correspondence, his Amended Complaint and his opposition to Defendants' Motion to Dismiss, none of which are attached to the motion. Plaintiff also uses his medical report attached to his opposition papers and his *theory* of Defendant Thomas Charles' perjury in his criminal action as "credible evidence" of his claims. Declaration, page 2. In fact, Plaintiff never describes the assault, battery, or false imprisonment claims anywhere in his Motion for Summary Judgment or provides any evidence to support the occurrence of these claims.

Plaintiff's Motion for Summary Judgment is void of any uncontroverted facts supported by record evidence for Defendants or this Court to review. The ten exhibits Plaintiff provided are inadmissible and irrelevant to his claims for assault, battery, and false imprisonment and are inadmissible and unsubstantiated "evidence" of Plaintiff's new claims of stalking and hacking. Putting aside that these new claims are based on an unsupported theory, these claims are raised for the first time in Plaintiff's Motion for Summary Judgment. Lack of substance aside, Courts do not allow litigants to ambush adversaries on summary judgment with new claims and theories.

As these allegations were not pleaded in Plaintiff's Amended Complaint, they should not be considered by this Court at the summary judgment phase. *See Greenridge v. Allstate Ins. Co.*, 446 F.3d 356, 361 (2d Cir. 2006) (refusing to address merits of claims raised for the first time in summary judgment briefing); *Martinez v. City of New York,* No. 00 Civ. 7914 (WHP),

8

2003 U.S. Dist. LEXIS 7295, at *11 (S.D.N.Y. Apr. 29, 2003) (holding that plaintiffs cannot rely on matters absent from the pleadings); *Beckman v. U.S. Postal Serv.,* 79 F. Supp. 2d 394, 407-08 (S.D.N.Y. 2000) (same); *see also Southwick Clothing LLC v. GFT (USA) Corp.*, No. 99 CV 10452 (GBD), 2004 U.S. Dist. LEXIS 25336 at *19-20 (S.D.N.Y. Dec. 15, 2004).

These assertions are the epitome of what Fed. R. Civ. P. 56(c) and (e), as well as the courts try to prevent. Plaintiff's self-serving Declaration includes inadmissible evidence (alleging stalking and hacking) and, therefore, cannot be considered by a trier of fact. *See* Fed. R. Evid. 403. As the allegations have no probative value to the claims at hand, the only conclusion is that Plaintiff is seeking to include these unfounded assertions for a prejudicial effect and, therefore, should be stricken pursuant to Fed. R. Evid. 403.

Plaintiff's Motion is severely lacking in admissible evidence, Plaintiff attempts to draw an adverse inference to the documentation or information by claiming that Defendants are corrupt. *See* Declaration. Any reference of even a shadow of impropriety should be stricken from the record. Plaintiff cannot assume an inference to support his claims because he does not want to go through the litigation process and seek summary judgment in a case in which he missed the statute of limitations.

Plaintiff baselessly attempts to distort the reality that a preferred Internet provider for Plaintiff's residence with the fiction that Defendants are using that provider to hack and stalk Plaintiff, which is evidence of their corruption and misdeeds, as evidence of his claims for assault, battery, and false imprisonment is a stretch by any means. To allow such "evidence" would be severely prejudicial to Defendants. What remains unanswered is: why as a matter of law, is Plaintiff entitled to summary judgment. Defendants cannot offer a response to, nor can the Court grant, a motion for summary judgment where no basis exists for the granting of summary judgment

as *a matter of law*. Plaintiff may only rely on material "that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Accordingly, Plaintiff's conclusory, self-serving Declaration cannot support Plaintiff's Motion for Summary Judgment.

## POINT II

### PLAINTIFF IS NOT ENTITLED TO SUMMARY JUDGMENT ON HIS CLAIMS.

Defendants argue at length in their own Motion to Dismiss that the case should be dismissed. *See* (Dkt. 23-31). Accordingly, Defendants incorporates those arguments herein and will not rehash its position in full here. However, a few points warrant emphasis.

**A.     The Court Does Not Have Subject Matter Jurisdiction Over This Matter.**

Diversity jurisdiction exists only if there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $ 75,000. See 28 U.S.C. § 1332(a). Plaintiff, Riverbay, and the Individual Defendants are not of diverse citizenship. Riverbay is incorporated under the laws of New York State and maintains its principal place of business in New York. Moreover, Plaintiff and the Individual Defendants are residents of New York. Thus, complete diversity does not exist here.

Pursuant to 28 U.S.C. § 1331, a district court has original jurisdiction over all civil actions arising under federal statutes. *See* 28 U.S.C. § 1331. Plaintiff does not plead claims under any federal statute warranting this Court's jurisdiction. Plaintiff merely asserts tort claims under state law common law. None of Plaintiff's claims for assault, battery, or false imprisonment arise under federal law. As a result, there is no federal question to establish jurisdiction under 28 U.S.C. § 1331. Accordingly, the Court cannot grant summary judgment for Plaintiff in a case in which it lacks subject matter jurisdiction.

B.      **Plaintiff's Claims Are Time-Barred By The Applicable Statute Of Limitations.**

Assuming this Court has jurisdiction over Plaintiff's claims – which Defendants deny – Plaintiff's claims of assault, battery, and false imprisonment are barred by the statute of limitations under New York law. *See* C.P.L.R. § 215 ("The following actions shall be commenced within one year…an action to recover damages for assault, battery, [and] false imprisonment."); *see also Mejia v.* Davis, No. 16-cv-9706 (GHW), 2018 U.S. Dist. LEXIS 3064 at *20 (S.D.N.Y. Jan. 8, 2018) ("Under New York law, the statute of limitations for intentional torts, including false arrest […] is one year." (citing C.P.L.R. § 215(3)(alterations made).

In Plaintiff's Amended Complaint, Plaintiff asserts claims related to three arrests occurring in January 2018, on March 25, 2018, and on March 22, 2020 (none of which are argued or detailed in his motion for summary judgment). Plaintiff filed the instant action on March 30, 2021, outside the one-year statute of limitations period for his claims under C.P.L.R. § 215(3). Assuming this Court holds that at a minimum, the March 22, 2020 arrest is not time-barred, the March 22, 2020 arrest was not made by Riverbay, and thus this allegation is not properly pled. All of Plaintiff's claims are either time-barred or do not relate to any of the named Defendants. Accordingly, Plaintiff cannot be granted summary judgment when his claims are time-barred.

## POINT III

**IF DEFENDANTS' MOTION TO DISMISS IS DENIED AND THE COURT ACCEPTS PLAINTIFF'S DEFICIENT MOTION, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IS PREMATURE.**

Granting a motion for summary judgment at this juncture would be improper, as Defendants' Motion to Dismiss is pending regarding the Court's subject matter jurisdiction and the issue of Plaintiff's claims being time-barred. In the event that the Court denies Defendants' Motion to Dismiss, the parties have not engaged in any discovery. Discovery from the parties is

needed in order to develop a complete factual record for the Court to address the allegations detailed in Plaintiff's Amended Complaint and Declaration. *See Cont. Cas. Co. v Marshall Granger & Co.*, 921 F Supp. 2d 111, 127 (S.D.N.Y. 2013) (motion for summary judgment inappropriate where defendants have not been afforded opportunity for discovery). As such, Plaintiff's Motion for Summary Judgment should be denied in order to afford the Parties the opportunity to engage in discovery.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court: (1) deny Plaintiff's Motion for Summary Judgment in its entirety with prejudice; and (2) grant Defendants such other and further relief as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
44 South Broadway
White Plains, New York 10601
(914) 872-8060

By: _____
Joseph A. Saccomano, Jr.
Poonam Sethi

*Attorneys For Defendants Riverbay Corporation, Co-op City Department of Public Safety, Joel Lugo, and Charles Thomas*

Dated: February 14, 2022
     White Plains, New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

**EDWARD ADAMS,**

                      **Plaintiff,**

    -against-

**RIVERBAY CORPORATION, CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, OFFICER CHARLES THOMAS, OFFICER JOEL LUGO, OFFICER AHMED,**

                      **Defendants.**

Civ. No.: 1:21-cv-02675 (JPO)(BCM)

---------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

        This is to certify that a true and correct copy of Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment has been filed via ECF and served via U.S. Regular Mail on the 14th day of February 2022 on *Pro Se* Plaintiff at the address below:

Edward P. Adams
140 Alcott Place, #10D
Bronx, NY 10475
(646) 960-6977
*Pro Se Plaintiff*

                                                                                    Poonam Sethi

4863-6339-3548, v. 1