UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
EDWARD P. ADAMS,
                              Plaintiff,

            -v-                                                        21-CV-2675 (JPO)

CO-OP CITY DEPARTMENT OF                                OPINION AND ORDER
PUBLIC SAFETY, *et al.*,
                              Defendants.
———————————————————————

J. PAUL OETKEN, District Judge:

Plaintiff Edward P. Adams filed this action against Co-Op City Department of Public Safety ("Co-Op City"), Joel Lugo, Thomas Charles, "Ahmed," and The Riverbay Corporation, alleging that on several occasions Co-Op City police officers assaulted him, falsely arrested him, and entered his home without a warrant. (Dkt. No. 4 ("Am. Compl.").) Before this Court are Defendants' motion to dismiss (Dkt. No. 23) and Adams' motion for summary judgment (Dkt. No. 50).

For the reasons that follow, Defendants' motion to dismiss is granted in part and denied in part and Adams' motion for summary judgment is denied.

I.   **Background**

   A.   **Factual Allegations**[1]

On March 25, 2018, Adams was accosted by six Co-Op City police officers, including Officer Lugo, Officer Charles, and Officer Ahmed. (Am. Compl. at 1.) The officers kicked, choked, and obstructed his breathing. (*Id.*) As a result of these actions, Adams lost

---

[1] The following facts, taken from the Amended Complaint, are presumed true for the purposes of this Opinion and Order.

1

consciousness and suffered several lacerations on his body. (*Id.*) After Adams was handcuffed, Officer Ahmed pepper-sprayed him, and Adams was treated for these injuries at the Jacobi Hospital. (*Id.*) Adams was then arrested and charged with leaving the scene of an accident and reckless endangerment. (*Id.*) Adams alleges that though his car was parked, he was charged with hitting a car that parked behind him. (Dkt. No. 28 at 6.) Officer Lugo also seized and searched his car. (*Id.*) Adams alleges that both cases were dismissed but two charges against him remain. (*Id.*)

Adams also alleges that in January 2018, Officer Lugo entered his home without a warrant when Adams was not present. Officer Lugo then pointed a gun at his family. (*Id.*) Adams believes that Officer Lugo entered his home due to the charges against Adams. (Dkt. No. 28 at 5.) On March 20, 2020, an unknown Co-Op City police officer entered his home without a warrant after Adams called 911 on a family friend who was acting belligerent in his home. (*Id.*) Adams claims that he and his friend were already outside of his home by the time the police arrived and he told the police that they were not allowed inside his apartment, but they entered without his consent. (Dkt. No. 28 at 6.)

### B. Procedural History

On 29, 2021, Adams filed a complaint against Defendants (Dkt. No. 2) and on March 31, 2021, Adams filed an Amended Complaint (Dkt. No. 4). On November 11, 2021, Defendants filed a motion to dismiss Adams' Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (*See* Dkt. No. 23.) Defendants contend that this Court lacks subject matter jurisdiction because Adams asserts only state law claims and the parties are not completely diverse. (Dkt. No. 24 at 3–4.) In the alternative, Defendants argue that Adams' state law claims are time-barred by the applicable statute of limitations. (Dkt. No. 24 at 4–5.) On January 14, 2022, Adams filed a motion for summary judgment. (Dkt. No. 50.)

**II.     Discussion**

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the district court lacks statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

The party facing a motion to dismiss under Rule 12(b)(6) must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In resolving a motion to dismiss, the court "must accept as true all well-pled factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor." *Doe v. Indyke*, 457 F. Supp. 3d 278, 282 (S.D.N.Y. 2020) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014)).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Adams is proceeding *pro se*. "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Id.* A court may also consider "factual allegations made by a *pro se* party in his papers opposing the motion" to dismiss. *Walker v.*

*Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013); *see Walker v. City of New York*, 367 F. Supp. 3d 39, 50 (S.D.N.Y. 2019).

### A.  Motion to Dismiss

Defendants first argue that this Court lacks subject matter jurisdiction. They contend that Adams pleads tort claims arising under state law and that none of his claims for assault, battery, or false imprisonment arise under federal law. (Dkt. No. 24 at 3–4.) The Court disagrees. Reviewing the Amended Complaint liberally, as the Court must do, Adams has also pleaded claims under 42 U.S.C. § 1983 for false arrest, use of excessive force, and unlawful search. (*See generally* Am. Compl.) It is therefore irrelevant whether the parties' citizenship is diverse because the Court has supplemental jurisdiction over the state law claims.

However, for any state law claims that Adams raises, the Court agrees with Defendants that they are barred by the applicable statute of limitations. NY CPLR § 215(3) applies a one-year statute of limitations for actions to recover damages for assault, battery, and false arrest. *See TADCO Const. Corp. v. Dormitory Auth. of N.Y.*, 700 F. Supp. 2d 253, 273 (E.D.N.Y. 2010). That means that the time period for filing claims related to the January 2018, March 25, 2018, and March 20, 2020 incidents expired on January 2019, March 26, 2019, and March 21, 2021, respectively. Adams did not file a complaint against Defendants until late March 2021 and his state law claims are therefore time-barred.

Though some of Adams' claims arising under section 1983 may be time-barred, the parties have not yet briefed the statute of limitations issue as to the federal claims or whether the statute of limitations should be equitably tolled. Furthermore, the parties have not yet briefed

4

whether Co-Op City is a state actor or was acting under the color of state law for purposes of this case.[2]

### B. Motion for Summary Judgment

Adams also filed a motion for summary judgment in January 2022 (Dkt. No. 50). The motion for summary judgment is premature, as the parties have yet to commence discovery with respect to Adams' claims. *See, e.g.*, *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303 (2d Cir. 2000) ("[S]ummary judgment should be granted if *after* discovery, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof." (internal quotation marks omitted)); *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) ("Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery."). Here, Defendants have made a sufficient showing that they must be given an opportunity to adequately investigate the allegations made by Adams in the Amended Complaint, including whether any of these events occurred, the police officers' version of the events, and the extent of the injuries Adams suffered as a result of the three incidents.

## III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Adams' motion for summary judgment is DENIED.

Within thirty days after the date of this Opinion and Order, Defendants may file a motion to dismiss addressing the merits of Adams' claims arising under section 1983 or an answer to the surviving claims. If Defendants do not file a motion to dismiss within this timeframe, the parties

---

[2] The New York Legal Assistance Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic to assist *pro se* individuals. More information about this clinic can be found at https://www.nysd.uscourts.gov/attorney/legal-assistance.

are directed to confer and suggest dates when they are available for an initial pre-trial conference before Magistrate Judge Moses.

The Clerk of Court is directed to send a copy of this Opinion and Order to Adams and to close the motions at Docket Number 23, 38, and 50.

SO ORDERED.

Dated: August 8, 2022
      New York, New York

_____
J. PAUL OETKEN
United States District Judge