UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD P. ADAMS,

        Plaintiff,

-against-

CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, et al.,

        Defendants.

21-CV-2675 (DEH) (BCM)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/2024

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed *pro se* plaintiff Edward Adams's letter dated January 8, 2024 (Pl. Ltr.) (Dkt. 183), seeking a discovery conference to address "pre-emptive safety measures" regarding his deposition. The Court construes the letter as seeking a protective order, pursuant to Fed. R. Civ. P. 26(c), permitting Adams to attend his deposition remotely, and limiting the scope of questioning at that deposition. *See* Pl. Ltr. at 1-3.

Also on January 8, 2024, defendants filed a notice, pursuant to Fed. R. Civ. P. 30, to take plaintiff's deposition upon oral examination on February 23, 2024, at a "Court Reporting Agency, which is to be determined." (Dkt. 185.) This morning, plaintiff filed a "notice of intent" to take the depositions of the five individual defendants in this action (Thomas, Lugo, Ahmed, Pasquale, and Wells) by remote means pursuant to Fed. R. Civ. P. 30 and Local Civil Rule 30.2. (Dkt. 186.) The notice states that plaintiff will conduct all five depositions on February 25, 2024, at 9:30 a.m. (*Id*.)

Pursuant to Moses Ind. Prac. §§ 2(b) and 2(e), defendants' response to plaintiff's January 8, 2024 letter-motion is due no later than **January 11, 2024**. Plaintiff may file a reply letter no later than **January 16, 2024**. If the parties cannot resolve their differences, the Court will conduct a discovery conference on **January 23, 2024**, at **11:00 a.m.**, in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse.

For the parties' guidance:

1. Fed. R. Civ. P. 26(b)(1) limits the scope of all discovery, including depositions, to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Members of the Bar of this Court are familiar with this rule. Nothing in plaintiff's January 8 letter suggests that there is any need for a Court order further limiting the scope of plaintiff's deposition.

2. The party noticing a deposition is ordinarily entitled to determine when, where, and by what means the deposition will be conducted. Paragraph 9 of the Initial Case Management Order in this action (Dkt. 169) permits the noticing party to elect to conduct a deposition remotely. Thus, plaintiff does not need Court permission to take defendants' depositions remotely if he wishes. However, he cannot take five depositions simultaneously at 9:30 a.m. on February 25. After meeting and conferring with defendants' counsel in good faith, plaintiff must provide a date and time for each proposed deposition. *See* Fed. R. Civ. P. 30(b)(1).

3. Nothing in plaintiff's January 8 letter suggests that defendants should be required to conduct plaintiff's deposition remotely. Local Civ. P. 30.2, which is written for the benefit of the party *noticing* the deposition, is inapposite. Nor has plaintiff substantiated his claim that appearing for an in-person deposition would require him to "risk personal safety." Pl. Ltr. at 3. Plaintiff states that he was "ambush[ed]" by "2 random men" on March 25, 2021, two days after this action was filed. *Id.* However, the supporting photographs that he attaches, *see id.* Ex. A (Dkt. 183-1), appear to show only a man waiting in the checkout line at a supermarket.

4. The Court notes, however, that a deposition notice must state the "place" as well as the date and time of an in-person deposition. Fed. R. Civ. P. 30(b)(1). After meeting and conferring with plaintiff in good faith, defendants must provide a location for his proposed deposition.

5. The Court again encourages plaintiff to retain counsel for purposes of the party depositions in this action. If he cannot or does not wish to retain private counsel, he may contact the NYLAG Clinic and request limited-scope representation for purposes of the depositions. A flyer containing more information about the NYLAG Clinic is attached to the Initial Case Management Order.

Dated: New York, New York          SO ORDERED.
       January 9, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**