UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  2/2/2024
```

EDWARD P. ADAMS,

                    Plaintiff,

          -against-

CO-OP CITY DEPARTMENT OF PUBLIC
SAFETY, et al.,

                    Defendants.

21-CV-2675 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Edwards P. Adams, proceeding *pro se*, seeks damages pursuant to 42 U.S.C. § 1983 from the Co-op City Department of Public Safety, the RiverBay Corporation, and five individual Co-op City police officers for unlawful search, excessive force, false arrest, and malicious prosecution, including fabrication of evidence. After several rounds of motion practice (including two unsuccessful motions by plaintiff for the entry of judgment in his favor prior to discovery, *see* Dkts. 50, 104, 160, 165), the pleadings are now settled (*see* Dkt. 152), and the case is in discovery. *See* Initial Case Mgmt. Order (Dkt. 169) ¶¶ 2-4.

In the past week, the Court has received and reviewed:

(1) a letter-motion from plaintiff Adams, filed at 11:43 a.m. on Saturday, January 27, 2024 (Pl. Mtn.) (Dkt. 194), in which he complains that defendants "missed the deadline" to respond to the interrogatories that he served on December 26, 2023, Pl. Mtn. at ECF p. 1; attaches four sets of interrogatories (Dkt. 194-2), all apparently served on December 26, 2023, as well as one set of requests for production (RFPs) (Dkt. 194-3); and requests that the Court (a) "order that the interrogatories be answered in writing or by conference prior to any depositions of any kind regarding this claim," and (b) "apply an appropriate sanction and TERMINATE the plaintiffs February 20, 2024 deposition," *id*. at ECF p. 2;

(2) another letter from plaintiff, dated Sunday, January 28, 2024 (Pl. 1/28/24 Ltr.) (Dkt. 195), in which he reports that he "sent a good faith notification to defense attorney Michelle Benedetto on 1/27/2024" before filing his letter-motion with the Court and attaches a copy of that notification, which consists of an email sent to attorney Benedetto at 1:44 a.m. on Saturday, January 27, 2023, advising her that in light of defendants' failure to respond "within the 30 day window," he would be "addressing the court" with regard to the interrogatories (Dkt. 195-1);

(3) yet another letter from plaintiff, dated Monday, January 29, 2024 (Pl. 1/29/24 Ltr.) (Dkt. 196), in which he reports that he received an email from defendants' counsel requesting an extension of their time to respond to the written discovery at issue until February 16, 2024, Pl. 1/29/24 Ltr. at 1; characterizes that request as "UNACCEPTABLE," given that (among other things) defendants also have "deadlines to meet on February 11th, 17th, 23d, and 25th" regarding plaintiffs' requests for admission (RFAs), *id*.; and attaches a copy of attorney Benedetto's Sunday evening email (Dkt. 196-3), as well as what appear to be two different versions of plaintiff's "4th set" of RFAs, served on January 26, 2024 (Dkt. 196-4);

(4) a responding letter from defendants' counsel, dated Wednesday, January 31, 2023 (Def. Ltr.) (Dkt. 198), in which defendants note that plaintiff did not give counsel an "opportunity to respond" before filing his motion, Def. Ltr. at 1; report that after attorney Benedetto responded to him by email on Sunday evening, plaintiff sent her a profane and condescending reply email, *id*.; attach a copy of that reply email (Dkt. 198-1); request that the Court extend defendants' deadline to respond to the discovery at issue to February 16, 2024, Def. Ltr. at 1-2; complain that many of plaintiffs' interrogatories and RFPs are improper, *id*. at 2; and note that plaintiff has continued serving written discovery demands on a piecemeal basis, including four sets of RFAs served between January 15 and January 24, 2024, *id*.; and

(5) a reply letter from plaintiff, dated Thursday, February 1, 2024 (Pl. Reply) (Dkt. 199), in which he announces that "[t]here won't be any meeting and conferring with the likes of anyone from River-Bay Corporation or associated with River-Bay Corporation," apparently because plaintiff believes that the defendants have been "stalking me and my family for quite some time," Pl. Reply *id.* at ECF p. 2; opposes defendants' request for an extension, because he wants to "prevail and get rid of this case," *id.* at ECF p. 4; and attaches an appendix of materials pertaining to the criminal prosecutions underlying his claims in this action. (Dkts. 199-1 through 199-3.)

No conference is required. For the reasons that follow, the Court:

(i) construes plaintiff's moving letter as a motion to compel made pursuant to Fed. R. Civ. P. 37(a), and GRANTS that motion to the extent that defendants will be required to respond to certain of plaintiff's interrogatories and RFPs no later than **February 16, 2024;**

(ii) construes defendants' responding letter as a motion for a an extension of discovery deadlines and a protective order pursuant to Fed. R. Civ. P. 26(c), and GRANTS that motion to the extent that defendants need not respond to certain interrogatories and RFPs, listed below; may have until **February 16, 2024** to respond to the remaining interrogatories and RFPs at issue; and may have until **February 26, 2024**, to respond to plaintiff's RFAs served on or before January 26, 2024; and

(iii) takes this occasion to remind both the *pro se* plaintiff and counsel for the defendants of the rules and standards to which they will be held in this action.

### Conduct of Litigation – Generally

The Federal Rules of Civil Procedure must be "construed, administered, and employed by the court *and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). To that end, attorneys who practice before

the Southern District of New York are expected to "cooperate with each other, consistent with the interests of their clients, in all phases of the discovery process and to be courteous in their dealings with each other, including in matters relating to the scheduling and timing of various discovery procedures." Local Civ. R. 26.4(a). Parties who choose to represent themselves in this Court are likewise expected to conduct themselves courteously, to communicate in a professional and civil manner, and to cooperate in matters of scheduling, timing, and discovery. Parties who resort to profane, insulting, or abusive language (such as referring to the location of an attorney's office as "west bubble fu*k Valhalla, NY," *see* Dkt. 198-1) risk significant sanctions. *See*, *e.g.*, *Koehl v. Greene*, 424 F. App'x 61, 62 (2d Cir. 2011) (summary order) (noting that "[t]he fact that Koehl was representing himself in this matter does not relieve him of his obligation to respect the dignity of the proceeding," and dismissing his complaint for "repeatedly filing documents with the court that contained derogatory and offensive statements regarding the presiding magistrate judge and opposing counsel").

The Court understands that plaintiff feels strongly about the merits of his case against the law enforcement officers he has named as defendants. That is no excuse for treating their counsel rudely or inserting gratuitous profanity into an email regarding discovery scheduling. Should plaintiff be unable to maintain civility, the Court will not hesitate to assess appropriate sanctions.

### Motion Practice

Litigation, including motion practice, "is an ordered process." *Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022). "Local Civil Rule 6.1 provides for opening papers, opposition papers, and reply papers, in that order." *Id.*; *see also* Moses Ind. Prac. § 2(e) (setting forth the briefing schedule for letter-motions). Plaintiff has had difficulty complying with this simple structure. More than half of the 199 docket entries in this action are letters from plaintiff,

some of them supplementing, amending, or correcting prior letters, and many of them only tangentially related, if at all, to any pending motion or other matter before the Court. *See*, *e.g.*, Dkts. 81-103 (24 letters and "amended letters" in a row from plaintiff, received between March 1 and August 4, 2022, supplementing his summary judgment papers, updating the Court on the progress of the criminal cases against him, and providing additional information and evidence concerning defendants' alleged misconduct).

Similarly, although plaintiff filed what appeared to be a complete letter-motion, including exhibits, on January 27, 2024 – and although he neither requested nor received permission to supplement or expand those papers – he submitted supplemental letters on January 28 and 29, 2024. Unauthorized supplemental filings, submitted piecemeal, prejudice the opposing party, whose responding papers are due "within three court days of the moving letter," Moses Ind. Prac. § 2(e), and consequently may be disregarded. *See Lawtone-Bowles v. U.S. Bank Nat'l Ass'n as Tr. for Holders of MLMI Tr. 2002-AFC Asset-Backed Certificates, Series 2002-AFC1*, 2021 WL 1518329, at *1 & n.3 (S.D.N.Y. Apr. 16, 2021) (declining to consider various unauthorized filings and noting that "[p]laintiff's *pro se* status does not absolve her from complying with this Court's rules"). Should plaintiff persist in filing multiple or seriatim letter-briefs or other motion papers, beyond those permitted by Local Civ. R. 6.1 and Moses Ind. Prac. § 2(e), the Court will not hesitate to strike them.

## Cooperation in Discovery

Courtesy and cooperation are particularly important during the discovery phase of a case, because the Court expects the parties to plan and manage discovery with minimal judicial intervention. *See Crawford v. Franklin Credit Mgmt. Corp.*, 261 F.R.D. 34, 43 (S.D.N.Y. 2009) ("[T]he courts would grind to a halt if it became necessary to intervene constantly in discovery

disputes[.]"). When a party needs an extension to respond to a discovery request, that party must first consult with "all affected parties" and then – if consent cannot be obtained – must request the extension from the Court, all before the original deadline has expired. Moses Ind. Prac. § 1(a). The same is true when discovery is overdue. The rules specifically require that any party making a motion "for an order compelling disclosure or discovery . . . . include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see also* Moses Ind. Prac. § 2(b) ("No discovery dispute will be heard unless the moving party . . . has first conferred in good faith and in 'real time' (*e.g.*, in person or by telephone) with the adverse party or parties, in an attempt to resolve the dispute."); Initial Case Mgmt. Order ¶ 14.

These rules are not optional, and may not be disregarded at the election of either a counseled party or a *pro se* plaintiff. Motions made in violation of Fed. R. Civ. P. 37(a)(1), Moses Ind. Prac. § 1(a), or Moses Ind. Prac. § 2(b) may be denied for that reason alone. *See, e.g.*, *Azzarmi v. 55 Fulton Mkt.*, 2022 WL 6156615, at *2 (S.D.N.Y. Oct. 7, 2022); *Alexander Interactive, Inc. v. Adorama, Inc.*, 2013 WL 6283511, at *3 (S.D.N.Y. Dec. 4, 2013).[1]

### Defendants' Interrogatory, RFP and RFA Responses

Plaintiff is correct that, pursuant to Fed. R. Civ. P. 33(b)(2), defendants' responses to his interrogatories were due by January 25, 2024. If defendants required an extension of that deadline, they should have complied with Moses Ind. Prac. § 1(a). Their failure to do so, however, does not excuse plaintiff's failure to comply with Fed. R. Civ. P. 37(a)(1) and Moses Ind. Prac. § 2(b), which required him to make a good-faith attempt to meet and confer with defendants, and resolve the

---

[1] A party's "failure to meet and confer in good faith" may also form "another basis for the imposition of potential sanctions." *Hernandez v. Money Source Inc.*, 2022 WL 2702894, at *8 (E.D.N.Y. July 12, 2022).

dispute, before seeking judicial assistance. Sending an email to opposing counsel at 1:44 a.m. on a Saturday, and then asking the Court for sanctions at 11:43 a.m. that same morning (*see* Dkt. 195-1), does not constitute a good-faith attempt to meet and confer. Even if defendants had been given a reasonable period of time (during business hours) within which to respond, plaintiff would be out of compliance with Rule 37(a)(1) and Moses Ind. Prac. § 2(b), because he made no effort to "resolve" the dispute, that is, to obtain the discovery sought without court action. Instead, plaintiff's email simply announced that he intended to burden the Court with a motion – which he did, ten hours later.[2]

Because both sides failed to meet and confer as required, the Court could deny all requested relief. But because the meet-and-confer requirement is "designed to promote efficiency in litigation," which goal "would not be advanced by further delay" in resolving the issues now before me, *Time Inc. v. Simpson*, 2002 WL 31844914, at *2 (S.D.N.Y. Dec. 18, 2002), I proceed to the merits of the parties' dispute.

Under Rule 37(a), a party seeking discovery may move for an order "compelling an answer" to, *inter alia*, pending interrogatories. Fed. R. Civ. P. 37(a)(3)(B)(iii). Plaintiff requests such an order when he asks that defendants be required to answer his interrogatories "prior to any depositions of any kind." Pl. Ltr. at ECF p. 2. The first scheduled deposition in this action is plaintiff's, which will take place on February 20, 2024. (*See* Dkt. 193.) However, plaintiff does not need defendants' interrogatory answers to answer questions at his own deposition. The first deposition of a defendant officer is scheduled for February 23, 2024. Consequently, defendants

---

[2] As noted above, it is not up to plaintiff to decide which Federal Rules of Civil Procedure he chooses to obey or disregard. Given the history of this action, however, the Court will excuse both plaintiff and defendants from the "real time" requirement of Moses Ind. Prac. § 2(b). Henceforth, the parties may satisfy the meet-and-confer requirement through courteous and timely email communications.

will be required to answer the interrogatories, to the extent they comply with Local Civil Rule 33.3(a), no later than **February 16, 2024**, which is one week prior to the first defendant deposition.

Although plaintiff does not expressly request an order compelling responses to his RFPs, the Court notes that they, too, are overdue. Consequently, defendants will be required to serve their responses and objections, *see* Fed. R. Civ. P. 34(b)(2), no later than **February 16, 2024**, at which point they will also be required to produce all nonprivileged documents responsive to the unobjectionable RFPs.

Defendants will not, however, be compelled to answer interrogatories that do not comply with Local Civil Rule 33.3(a). That rule provides:

> Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

*See also* Initial Case Mgmt. Order ¶ 3 (limiting interrogatories to those that comply with Local Civil Rule 33.3(a)).

Several of plaintiff's interrogatories plainly exceed the scope of Rule 33.3(a), and indeed would be improper at any stage of the case, as defendants point out. *See* Def. Ltr. at 2. Other interrogatories are unintelligible. Under Rule 26(c), the Court may, for good cause, issue an order forbidding improper discovery or limiting its scope. *See* Fed. R. Civ. P. 26(c)(1)(A), (D). Defendants appear to request such an order when they seek "guidance" as to "how to proceed to prevent the Plaintiff from repeatedly abusing the discovery process." Def. Ltr. at 2. Consequently, defendants will not be required to respond to the following interrogatories:

- <u>Charles Thomas</u>: "Please identify by name what individual(s) or accredited government entity sanctioned you and River-Bay Corporation for the March 25, 2018 arrest of Edward Adams." (Dkt. 194-2 at ECF p. 2.)

- <u>Joel Lugo</u>: "What are the requirements? If any? For any form of local or federal government to enter someone's residence without consent?" (*Id.*at ECF p. 3.)

- <u>Joel Lugo</u>: "What does the 4th Amendment entail?" (*Id.*)

- <u>Joel Lugo</u>: "Did you ever cease a legally registered vehicle while working for River-Bay Corporation?" (*Id.* at ECF p. 4.).

- <u>Kendrick Wells</u>: "What are the requirements? If any? For any form of local or federal government to enter someone's residence without consent?" (*Id.* at ECF p. 5.)

- <u>Kendrick Wells</u>: "Please define the 4th Amendment?" (*Id.*)

Nor will defendants be required to produce documents that plainly exceed the scope of Rule 26(b)(1), such as detailed financial statements for RiverBay Corporation and "total earning statements" for each of the individual defendants. (Dkt. 194-3.) *See Capellan v. City of New York*, 2021 WL 12147771, at *4 (E.D.N.Y. Jan. 7, 2021) (recognizing that the "financial information" of officers sued under § 1983 for violating plaintiffs' civil rights was "neither relevant nor necessary to enable plaintiffs to litigate this case").

Finally, defendants will not be required to respond to plaintiff's RFAs on a piecemeal basis on "February 11th, 17th, 23d, and 26th." Pl. 1/29/24 Ltr. at ECF p. 1. Since plaintiff's most recent set of RFAs appears to have been served on January 26, 2024 (Dkt. 196-4), defendants' responses (answers and/or objections) to all RFAs served on or before that date will be due by **February 26, 2024**, unless further extended by agreement of the parties or further order of the Court.[3]

For the parties' guidance, the Court notes that some of plaintiff's RFAs are unintelligible, such as:

---

[3] February 25 is a Sunday. Under Rule 6(a), if the last day of a 30-day period "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

- "Co-op City Department of Public Safety Officer Brooks Statement on October 19th 2017 (The Day in Questions Pertaining to Top Charge Bronx Supreme Court Indictment 444-2018." (Dkt. 196-4 at ECF p. 1.)

RFAs must be "simple and direct." 2 M. Silberberg, E. Spiro & J. Mogul, *Civil Practice in the Southern District of New York* § 22:4, at 284 (2016-17 ed.); *see also Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y. 1992) (collecting cases). "The party requesting admissions bears the burden of setting forth its requests simply and directly, not vaguely or ambiguously." *BAT LLC v. TD Bank, N.A.*, 2018 WL 3626428, at *5 (E.D.N.Y. July 30, 2018). A properly-drafted RFA "is phrased so that it can be admitted or denied without explanation." *Carver v. Bank of New York Mellon*, 2018 WL 4579831, at *2 (S.D.N.Y. Sept. 25, 2018) (quoting *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 968 (3d Cir. 1988)). Thus, litigants are not required to answer RFAs that "contain vague and ambiguous wording that does not allow defendants fairly to admit or to deny them," *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 376 (S.D.N.Y. 1989), such as the example quoted above.

### Sanctions

Rule 37(a) provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production or inspection" if, among other things, "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(A). However, Rule 37(a) does not authorize the Court to issue discovery sanctions (except pursuant to subsection (5), which is inapplicable here because plaintiff is representing himself). The rule authorizing substantive discovery sanctions is Rule 37(b), which applies where a party has failed to obey a prior "order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A); *see also Coker v. Goldberg & Assocs. P.C.*, 2024 WL 263121, at *3 (S.D.N.Y. Jan. 24, 2024) (noting that the "predicates to the imposition of sanctions under Rule 37(b) are a 'court order directing compliance with discovery requests' and 'non-compliance with that order'") (quoting *Shanghai Weiyi Int'l Trade Co. v. Focus*

*2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017)). Accordingly, plaintiff's request that the Court "TERMINATE the plaintiff's February 20, 2024 deposition," as a sanction for defendants' failure to timely serve their interrogatory responses, is premature.

It is also meritless. Although the Court has "broad discretion" in selecting an appropriate remedy among those available, *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002), the sanctions "must relate to the particular claim to which the discovery order was addressed." *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1366 (2d Cir. 1991). Thus, in the event defendants fail to respond to the interrogatories by February 16, 2024, as ordered, any sanction must relate to that failure.

## <u>Conclusion</u>

For the foregoing reasons, plaintiff's motion to compel discovery and for sanctions (Dkt. 194) is GRANTED IN PART, as is defendants' cross-motion (Dkt. 198) for an extension and a protective order. It is hereby ORDERED that defendants shall respond to the interrogatories and RFPs attached to plaintiff's moving papers, except to the extent set forth above, no later than **February 16, 2024**, and shall respond to all RFAs served on or before January 25, 2024, no later than **February 26, 2024**. All relief not expressly granted herein is DENIED.

Dated:  New York, New York
       February 2, 2024

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**