```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/24
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────

EDWARD P. ADAMS,

        Plaintiff,

-against-

CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, et al.,

        Defendants.

21-CV-2675 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

In a letter-motion dated February 16, 2024, plaintiff Edward P. Adams complains that the interrogatory responses he received from defendants on February 15, 2024, are "unintelligible, evasive, and not in compliance with" this Court's order dated February 2, 2024 (Dkt. 200) or Local Civil Rule 33.3. Pl. Mot. (Dkt. 201) at 1. Plaintiff seeks an order compelling defendants (the Co-op City Department of Public Safety (Co-op City DPS), RiverBay Corporation, and five individual Co-op City police officers) to provide "non-evasive, direct, intelligible answers" to his interrogatories. *Id*. at 1. Additionally, he asks the Court to stay all proceedings in this action (including his deposition, scheduled for February 20, 2024) until they do so. *Id*. at 2. For the reasons explained herein, the motion will be denied.

The Court has reviewed the interrogatory answers at issue (annexed to plaintiff's letter-motion) and finds them adequate. In many instances, the responding defendant stated an objection – as permitted by Fed. R. Civ. P. 33(b)(4) – but then, notwithstanding the objection, answered the interrogatory. For example, individual defendant Nicholas Pasquale was asked the following question and provided the following response:

    <u>Interrogatory No. 5</u>:

    Did you testify at any proceedings in Bronx County as to Bronx Supreme Court Indictment 444-2018?

> Defendants' Response to Interrogatory No. 5:
>
> Defendants object to this interrogatory as palpably improper because it is outside the scope of S,D.N.Y. Local Rule 33.3. Subject to and without waiving their objections, yes.

Pl. Mot. Ex. 2 (Dkt. 201-2), at ECF p. 4. In this instance, the objection was well-taken, and could have justified defendant Pasquale in refusing to answer the interrogatory at all.[1] Even if the objection were unsound, however, plaintiff would have no cause to complain. He asked a yes-or-no question and he got a clear and unequivocal answer: "yes."

The same is true for most of the remaining interrogatory answers of which plaintiff complains. In some instances, the questions themselves were difficult to understand. Rather than refuse to answer on this basis, however, defendants made a good-faith effort to respond substantively. For example, individual defendant Joel Lugo was asked the following question and provided the following response:

> Interrogatory No. 4:
>
> Does River-Bay Corporation's Department of Public Safety maintain any jurisdiction in Bay Plaza Shopping Mall located at 200 Baychester Avenue, Bronx, NY 10475?
>
> Defendants' Response to Interrogatory No. 4:
>
> Defendants object to this interrogatory as palpably improper because it is outside the scope of S.D.N.Y. Local Rule 33.3. Defendants further object to this request on the grounds that it is vague, ambiguous, and would be unduly burdensome to respond to the request as it is framed. Defendants further object to this request as irrelevant to any claim or defense in this matter, as it has no tendency to make a fact more or less probable than it would be without the evidence, it is not of consequence in determining the action, and it is not proportional to the needs of the

---

[1] As plaintiff is well aware (*see* Pl. Mot. at 2), Local Civ. R.33.3(a) restricts interrogatories at the commencement of discovery to those seeking "names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature." Plaintiff's Interrogatory No. 5 to defendant Pasquale asked for information outside of the permitted categories.

2

case. Finally, Defendants object to the request to the extent that it assumes the existence of facts that either mischaracterizes or inaccurately describes functions performed by the Defendants. Subject to and without waiving their objections, the officers within the Co-op City Department of Public Safety have authority to make arrests anywhere in the State of New York.

Pl. Mot. Ex. 2, at ECF pp. 13-14.

It is not at all clear, even to a legally-trained reader, what factual information plaintiff sought when he asked whether the Co-op City DPS "maintain[s] any jurisdiction" in the Bay Plaza Shopping Mall. However, given that one of plaintiff's contentions in this action appears to be that the Co-op City DPS had no authority to arrest him outside of Co-op City itself (*see* Pl. Mot. Ex. 3 (Dkt. 201-3), at ECF pp. 1-2), Officer Lugo's response – that Co-op City DPS officers "have authority to make arrests anywhere in the State of New York" – was a straightforward, non-evasive answer to what defendants reasonably believed to be the substance of the question asked. If and to the extent Officer Lugo misunderstood the question, plaintiff will have the opportunity, at deposition, to rephrase it in an effort to elicit the information he seeks. Similarly, to the extent defendants did not provide as much detail as plaintiff hoped for in some of their interrogatory responses,[2] plaintiff may follow up at the individual defendants' depositions, which are all scheduled to take place within the next two weeks.

Although the Court concludes that defendants' interrogatory responses are adequate in substance, they do not appear to be signed or verified under oath by each answering defendant, as required by Fed. R. Civ. P. 33(b)(1)(A), (b)(3), and (b)(5). Consequently, it is hereby ORDERED

---

[2] For example, in an improper multi-part interrogatory, plaintiff asked Officer Pasquale whether he was ever shown "a wanted flier of Edwards Adams," and, "If so, by whom? (names). When? (Dates) and where? (Location)." Pl. Mot. Ex. 2, at ECF p. 5. After interposing an objection, Pasquale answered that he "was shown the wanted poster of Edward Adams at roll call on October 19, 2017 and at roll calls prior to October 19, 2017. Nicola Pasquale was shown this wanted poster by a supervisor." *Id*. Plaintiff now complains that Pasquale failed to a provide the name of the supervisor. Pl. Mot. at 1.

that: (1) plaintiff's letter-motion (Dkt. 201) is DENIED; (2) each individual defendant shall comply with the signature requirements set forth in Rule 33 no later than the start of his deposition.

Dated: New York, New York
February 19, 2024              SO ORDERED.

_____
**BARBARA MOSES**
**United States Magistrate Judge**