```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

EDWARD P. ADAMS,

              Plaintiff,

-against-

CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, et al.,

              Defendants.

21-CV-2675 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

At this morning's status conference, defendants appeared through counsel, but plaintiff, who is proceeding *pro se*, failed to appear.[1] Prior to the conference, the Court received and reviewed plaintiff's letter-motion dated April 6, 2024 (Mot.) (Dkt. 222), as well as his supplemental (corrected) letter filed the same day (Dkt. 223), in which – as relevant here – plaintiff advised that he is available for deposition on April 11, 2024, and seeks a protective order, pursuant to Fed. R. Civ. P. 26(c), as to the "over 1000 pages of state criminal proceedings pertaining to this cause of action" that are in his possession, as well as "any inadvertently disclosed health information." Mot. at ECF pp. 2, 4.

For the reasons discussed on the record at the conference:

**1.**     **Plaintiff's Deposition**

It is hereby ORDERED that plaintiff's continued deposition will take place on **Thursday, April 11, 2024**, commencing at **11:00 a.m.**, in the Daniel Patrick Moynihan United States

---

[1] Plaintiff contacted chambers by telephone, approximately 90 minutes prior to the conference, to advise that he might be late. As a courtesy, the Court waited 25 minutes past the scheduled time for the conference. At that point, when the plaintiff had still not arrived, the Court proceeded with the conference. Plaintiff is reminded that requests that postpone or reschedule court conferences must be made "letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application." (Dkt. 169 ¶ 13.)

Courthouse. The deposition will be conducted in the jury room annexed to the Courtroom 20A, under the supervision of a member of the Court's staff. Defendants have advised the Court that the continued deposition will be recorded by stenographic means.

### 2.    **Protective Order – State Court Criminal Proceedings**

In his letter-motion, plaintiff states that he has already disclosed "all documentation that is not burdensome to me," and balks at producing any remaining records in his possession concerning the state court criminal prosecutions underlying this action. Mot. at ECF p. 2. Plaintiff argues that defendants should obtain those records from the Bronx County District Attorney's Office, which would be a "more convenient, less burdensome, less expensive source." *Id*.  The Court construes this portion of plaintiff's letter-motion as a request for a protective order pursuant to Fed. R. Civ. P. 26(b)(2)(C)(i) and 26(c), and DENIES the motion. It may be more convenient, less burdensome, and less expensive *for plaintiff* to be relieved of the ordinary discovery obligations attendant upon filing a lawsuit, but that is not the standard. Plaintiff does not explain why in this case, those obligations (and the attendant burden and expense) should be shifted to the defendants and to a non-party prosecutor's office. Consequently, plaintiff remains obligated to produce all nonprivileged documents within his possession, custody, or control that have been requested by defendants pursuant to Fed. R. Civ. P. 34, are relevant to the parties' claims and defenses, and are proportional to the needs of the case, including plaintiff's copies of the transcripts and other records of the underlying state court criminal proceedings.

### 3.    **Protective Order – Protected Health Information**

In his letter-motion, plaintiff takes offense at the passage in the Court's Order dated April 5, 2024 (April 5 Order) (Dkt. 221)[2] noting that plaintiff was apparently "paid to enroll in drug

---

[2] *Adams v. Co-Op City Dep't of Public Safety*, 2024 WL 1478897 (S.D.N.Y. Apr. 5, 2024).

trials." April 5 Order at 12 n.7. Plaintiff complains that the Court "mischaracterized" his activities and incorrectly insinuated that he was a patient or a drug abuser, when in fact he was a "heathy volunteer[]." Mot. at ECF p. 3. Plaintiff adds that "Health Information in General[] is HIGHLY privileged information," and renews his request for a "protective order as to any inadvertently disclosed health information" in his deposition transcript. *Id.* The motion is DENIED. First, the Court's reference to "drug trials" did not imply, in any way, that plaintiff was a patient or a drug abuser. Drug trials frequently involve only healthy volunteers. Second, plaintiff has again failed to show that any information elicited from him at deposition was either privileged or confidential. As the Court previously explained, the mere fact of his participation in drug trials, for which he was paid, is neither. April 5 Order at 12 n.7.

**4.    Discovery Schedule**

To facilitate the efficient resolution of any outstanding discovery issues, the Court hereby EXTENDS the deadline to complete all remaining fact discovery to **May 19, 2024**, for the limited purposes of (i) addressing any deficiencies in the parties' responses to previously-served discovery requests, and (ii) permitting defendants to serve any tailored follow-up requests to plaintiff's deposition testimony.

All relief not expressly granted herein is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. 222.

Dated: New York, New York          SO ORDERED.
       April 9, 2024

_____
**BARBARA MOSES**
**United States Magistrate Judge**