USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD P. ADAMS,

          Plaintiff,

  -against-

CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, et al.,

          Defendants.

21-CV-2675 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Edward P. Adams, proceeding pro se, seeks damages from defendants Riverbay Corporation, Co-Op City Department of Public Safety (CCDPS), and Co-Op City Police Officers Thomas, Lugo, Ahmed, Pasquale, and Wells, for unlawful search, excessive force, false arrest, and malicious prosecution, including fabrication of evidence. Discovery is complete, except that defendants have not yet received plaintiff's state court records with respect to all of the arrests and prosecutions he challenges in this action.

By letter-motion dated July 2, 2024 (Def. Ltr.) (Dkt. 248), defendants seek an extension of their deadline to file a motion for summary judgment, which is currently July 19, 2024. (*See* Dkt. 238.) Defendants explain that they have been diligently seeking plaintiff's records since May 17, 2024, which is when plaintiff complied with this Court's May 15, 2024 order (May 15 Order) (Dkt. 238) requiring him to furnish the necessary authorizations. Def. Ltr. at 1. However, they report, the records reflecting three of plaintiff's arrests (on March 20, 2018, March 25, 2018, and March 20, 2020) are "in archives" and have not yet been furnished by the Bronx Criminal Court. *Id*. at 2.

In an opposition letter filed July 3, 2024 (Pl. Opp. Ltr.) (Dkt. 249), plaintiff opposes the motion and requests a "37.2 conference," arguing, in effect, that no additional time should be granted because he timely complied with his obligations under the May 15 Order and is eager to file his own motion for summary judgment. Pl. Opp. Ltr. at 1-2. Plaintiff then complains: (i) that

when defendants' counsel sent him a copy of the state court records that have been produced thus far, she sent them in "pdf format (pictures of documents)" rather than the "full documents"; (ii) that the records produced thus far include "fraudulent fake documents," for which he blames the Bronx District Attorney's Office; and (iii) that defendants' counsel previously sent him "bogus transcripts" of his own deposition, requiring him to submit "60 plus pages of errata documentation." *Id*. at 2. The remainder of plaintiff's letter seeks to recuse me, pursuant to 28 U.S.C. § 455, because I issued "several Kangaroo Court Rulings" in the course of my pretrial management of this action. *Id*. at 2-4 (characterizing my orders at Dkts. 145, 171, 200, and 221 as "corrupt").

Defendants filed a reply letter on July 5, 2024 (Def. Reply Ltr.) (Dkt. 251), reporting that their investigator was informed by the Bronx Criminal Court on July 3, 2024, "that the request for the remaining files would take another four weeks to fulfill." Def. Reply Ltr. at 1. Defendants seek an extension of their summary judgment deadline until "30 days after receipt of the remaining records." *Id.* at 2.

No conference is required.

Defendants' request for an extension will be granted. As defendants point out, they first asked plaintiff to sign the necessary unsealing authorizations (permitting them to request his state court files) on December 22, 2023. Def. Reply Ltr. at 1. Plaintiff objected repeatedly, over a period of months, ultimately signing the authorizations on May 17, 2024 – only after defendants made and won a motion to compel him to do so. (*See* Dkts. 233-38.) Plaintiff does not accuse defendants of being less than diligent in pursuing the records once the authorizations were signed, and in any event the record would undermine any such suggestion. Plaintiff's complaints about the form in which certain documents have been produced to him are baseless, particularly given defendants'

2

representation that they produced the records to him in the same form they received them. Def. Reply Ltr. at 2. If plaintiff doubts the authenticity of the copies provided by defendants, he is free to request the files himself from the Bronx Criminal Court. His complaints about his deposition transcript were previously litigated and resolved (s*ee* Dkts. 221, 232), and in any event do not bear on defendants' request for an extension of time to file their summary judgment motion.

Plaintiff's recusal motion will be denied. 28 U.S.C. § 455 requires a judge to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned" or "[w]here [s]he has a personal bias or prejudice concerning a party." A judge's bias or prejudice may arise from extrajudicial sources or from a "favorable or unfavorable predisposition," but only if the predisposition "is so extreme as to display clear inability to render fair judgment." *Liteky v. United States*, 510 U.S. 540, 551 (1994). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion," because "they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Id.* at 555. The inquiry is whether "an objective, disinterested observer fully informed of the underlying facts" would "entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992).

Plaintiff does not identify any valid basis for recusal. His complaints about my prior scheduling and discovery orders show only that he disagrees with the Court's decisions and believes that defendants should not have been granted any extensions, of any deadlines, at any time during the course of this action.[1] His use of conclusory phrases such as "Kangaroo Court

---

[1] One of the rulings to which plaintiff objects is my December 14, 2023 letter-endorsement (Dkt. 171) granting defendants' counsel two additional weeks – over Christmas – to advise the Court whether her office could accept service of process on behalf of three of the individual defendants,

3

Rulings" and "corrupt rulings," Pl. Ltr. at 2-3, do not demonstrate the existence of any judicial bias or improper motivation.

Consequently, defendants' letter-motion (Dkt. 248) is GRANTED and plaintiff's cross-motion for recusal of the undersigned magistrate judge (Dkt. 249) is DENIED. The parties' summary judgment motions will be due **30 days after defendants have received the remaining state court records**. Defendants must advise the Court promptly when the records are received. If that has not occurred by **August 1, 2024**, defendants must submit a status letter, on that date, updating the Court on their progress.

Dated: New York, New York
July 8, 2024                                    **SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**

---

who were no longer employed by the CCDPS. Two weeks later, counsel did accept service on behalf of the former employees. (*See* Dkt. 180.) Nonetheless, plaintiff continues to complain – as he has complained on multiple occasions in the past – that the extension should not have been granted because counsel provided "NO PROOF," in her extension letter, that the three individuals no longer worked for the CCDPS. Pl. Ltr. at 3; *see also*, *e.g.*, Dkts. 173, 194, 196.