UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD P. ADAMS,

                    Plaintiff,

          v.                                    21-CV-2675 (DEH) (BCM)

CO-OP CITY DEPARTMENT OF PUBLIC                 **ORDER**
SAFETY, et al.,

                    Defendants.

DALE E. HO, United States District Judge:

On May 15, 2024, Magistrate Judge Moses ordered Plaintiff to execute, notarize, and return

to defense counsel forms sufficient to permit counsel to obtain all records relevant to the arrests

and prosecutions in this action from the NYPD and relevant New York State courts.[1]  That order

also required Defendants to file a letter confirming that they were in receipt of all records

necessary for a dispositive motion by July 10, 2024, and set a deadline of July 19, 2024, for any

party to file dispositive motions.[2]

On July 2, 2024, Defendants filed the required letter.[3]  The letter stated that Defendants had

not received all of the required records, but that anything they had received had been produced to

Plaintiff.[4]  Defendants requested leave to file a further status update on July 19, 2024, and an

extension of the deadline for dispositive motions.[5]  On July 3, 2024, Plaintiff filed a letter in

---

[1] *See* ECF No. 238, at No. 2.

[2] *Id.*

[3] *See* ECF No. 248.

[4] *See id.*

[5] *See id.*

response.[6]  Plaintiff stated that the records produced to him, as well as the transcript of his deposition, were doctored and moved for recusal of Judge Moses.[7]  On July 5, 2024, Defendants filed a further letter, reporting that the document request would likely take another four weeks to complete.[8]

On July 9, 2024, Judge Moses granted Defendant's request for an extension to file dispositive motions, noting that the record indicated that Defendants were diligent in pursuing the documents in question, and directed them to file a further status letter by August 1, 2024.[9]  Judge Moses also denied the recusal motion, noting that it was based solely on disagreements with her substantive rulings.[10]  Finally, Judge Moses rejected any argument that the records produced to Plaintiff were doctored.[11]

On July 10, 2024, Plaintiff filed a letter addressed to the undersigned.[12]  Plaintiff argues that Judge Moses's rulings are biased against him; that Defendants' anticipated motion for summary judgment is not meritorious; and that the court records produced to him by Defendants are fraudulent.[13]  On July 12, 2024, Defendants filed a letter in response that, among other things, requested sanctions against Plaintiff for his conduct.[14]  The same day, an order from the

---

[6] *See* ECF No. 249.

[7] *See id.*

[8] *See* ECF No. 251.

[9] *See* ECF No. 252.

[10] *See id.* at 3.

[11] *See id.*

[12] *See* ECF No. 253.

[13] *See id.*

[14] *See* ECF No. 254.

undersigned construed Plaintiff's July 10 letter as an objection to Judge Moses's July 9 order under Federal Rule of Civil Procedure 72(a) and directed Defendants to file a letter in response.[15]

On July 13, 2024, Plaintiff filed an additional letter, arguing that his criminal records are not relevant to this case, repeating his accusations of bias on the part of Judge Moses, and stating that opposing counsel "should be tried before a federal tribune" due to alleged issues with his criminal records and deposition transcript.[16]  On July 16, 2024, Defendants filed the required response.[17]  On July 17, 2024, Plaintiff filed two further letters in reply.[18]  Plaintiff repeats his statement that opposing counsel "should be disbarred and tried before a federal tribune" and that Judge Moses should be recused.[19]

Motions to recuse and motions regarding the scheduling of discovery and briefs are non-dispositive.[20]  Under Federal Rule of Civil Procedure 72(a), the non-dispositive ruling of a magistrate judge must be set aside to the extent it is "clearly erroneous or is contrary to law."[21]

It is hereby **ORDERED** that Plaintiff's objections to Judge Moses' July 9, 2024, order are **OVERRULED.**  The Court has reviewed the list of allegedly biased rulings issued by Judge Moses that Plaintiff collects in his July 3, 2024, letter.[22]  None of them suggest bias on the part of Judge Moses.  "[T]he Second Circuit has repeatedly rejected the suggestion that adverse rulings by

---

[15] *See* ECF No. 255.

[16] *See* ECF No. 256.

[17] *See* ECF No. 257.

[18] *See* ECF Nos. 258, 259.

[19] *See id.*

[20] *See Kampfer v. Gokey*, 159 F.R.D. 370, 372 (N.D.N.Y. 1995) (describing "non-dispositive pretrial motions, i.e., recusal, discovery, and appointment of counsel" as within the purview of a magistrate judge).

[21] Fed. R. Civ. P. 72(a).

[22] *See* ECF No. 249.

a judge can *per se* create the appearance of bias."[23]  Similarly, the record relevant to the extension

of time to file dispositive motions supports Judge Moses's finding of Defendants' diligence and the

need for more time prior to dispositive motion practice.  Plaintiff offers no basis to conclude that

the denial of his recusal motion or the granting of Defendants' extension motion were clearly

erroneous or contrary to law.

It is further **ORDERED** that Defendants' request for sanctions is **DENIED**, without

prejudice to renewal.  The Court echoes Judge Moses's statement that, irrespective of Plaintiff's

*pro se* status, "[p]arties who choose to represent themselves in this Court are . . . expected to

conduct themselves courteously, to communicate in a professional and civil manner, and to

cooperate in matters of scheduling, timing, and discovery.  Parties who resort to profane, insulting,

or abusive language . . . risk significant sanctions."[24]

SO ORDERED.

Dated: July 18, 2024
       New York, New York

DALE E. HO
United States District Judge

---

[23] *See Palin v. N.Y. Times Co.*, 604 F. Supp. 3d 208, 214 (S.D.N.Y. 2022) (internal quotation marks omitted).

[24] *See* ECF No. 202.