USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/13/2024__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD P. ADAMS,

        Plaintiff,

-against-

CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, et al.,

        Defendants.

21-CV-2675 (DEH) (BCM)

**ORDER REVOKING ELECTRONIC FILING PRIVILEGES**

**BARBARA MOSES, United States Magistrate Judge.**

    As this Court has previously explained to the pro se plaintiff, *see* Dkt. 200 at 4-5, litigation "is an ordered process." *Paravas v. Cerf*, 2022 WL 203168, at *2 (S.D.N.Y. Jan. 24, 2022). Letter-motions are permitted to the extent authorized by Local Civil Rule 7.1(d). Authorized letter-motions must clearly state the relief requested and the rule, statute, or other legal authority upon which the moving party relies. Status update letters are generally permitted only when requested or authorized by the Court. Notwithstanding the ease and convenience of electronic case filing – a privilege that plaintiff has enjoyed since December 20, 2023, *see* Dkt. 176 – this Court's docket should not be mistaken for a subreddit, a group chat, or a Facebook page. It is particularly inappropriate to clog the Court's docket with missives that serve only to recycle disputes that have already been ruled upon or repeat baseless *ad hominem* attacks on opposing counsel. Both the District Judge and the undersigned Magistrate Judge have warned the plaintiff, repeatedly, that he will be sanctioned if he persists in conduct of this nature. *See*, *e.g*., Dkt. 200 at 4; Dkt. 221 at 19; Dkt. 260 at 4.

    Party discovery has been completed. However, defendants are still in the process of collecting documents from various non-parties (pursuant to authorizations that plaintiff finally executed on May 15, 2024), including the Bronx Criminal Court files concerning the arrests and prosecutions that are the subject of this action. *See* Dkt. 238. Because of delays that defendants

have encountered in collecting some of these documents, the deadline for the parties to file their summary judgment motions has been extended to September 30, 2024. *See* Dkt. 268.

On June 26, 2024, defendants obtained the Bronx Criminal Court file for one of the underlying prosecutions, and forwarded it (totaling over 350 pages) to the plaintiff. (Dkt. 248-1 at ECF p. 2.) Since then, the plaintiff has repeatedly claimed that one of the documents in the Bronx Criminal Court file was "doctored," "forged," or "fraudulent"[1]; has repeatedly accused defendants' attorney of either committing or somehow being complicit in the "forgery"[2]; has repeatedly accused defendants' attorney of habitually violating the Rules of Professional Conduct[3]; and has called for her to be prosecuted, both for the alleged forgery and because the transcript of his deposition, taken earlier this year, contained what he deemed to be an unacceptable number of inaccuracies that he was required to correct pursuant to Fed. R. Civ. P. 30(e)(1).[4]

By Order dated July 9, 2024, this Court reminded plaintiff that if he "doubts the authenticity of the copies provided by defendants, he is free to request the files himself from the Bronx Criminal

---

[1] *See*, *e.g*, Dkt. 249 at 2 (claiming there was "fake doctored paperwork" in the Bronx Criminal Court file); Dkt. 253 at 2 ("the adverse attorney sends the plaintiff pictures of a forged instrument and fraudulent documents on 6/26/2024"); Dkt. 256 at 1 (clarifying that he is not accusing opposing counsel of "submitt[ing] the fraudulent paperwork . . . as of yet," but "[s]he did, however, send the plaintiff a 300+ page document . . . and portions of the paperwork contained fraudulent documents (**forged instrument**) which I will prove").

[2] *See*, *e.g*, Dkt. 249 at 2 (claiming that he turned over the "latest fraudulent paperwork submitted by Michelle Benedetto" to "the proper authorities"); Dkt. 253 at 2 ("I'm not insinuating the attorney herself created fraudulent paperwork , but she in fact sent the plaintiff (Adams) pictures of a forged instrument."); Dkt. 256 at 3 ("The attorney sends fraudulent papers appearing to be from the defendant's co-conspirator Bronx District Attorney's Office [sic] and doesn't want to provide the plaintiff any proof as to where the paperwork came from").

[3] *See*, *e.g*, Dkt. 249 at 3 ("the adverse attorney is clearly in violation of The New York Rules of Professional Conduct"); Dkt. 253 at 2 ("The adverse attorney can't submit forged instruments to this court, ABA Model Rule 3.3 (a)."); Dkt. 256 at 3 ("She's violated The New York Rules of Professional Conduct, ABA Model Rules, and Federal Law habitually[.]").

[4] *See*, *e.g*, Dkt. 249 at 4 (opposing counsel "needs to be tried before a federal tribune [sic] for those bogus depositions alone").

Court." (Dkt. 252 at 3.)[5] In the same order, this Court noted that plaintiff's complaints "about his deposition transcript were previously litigated and resolved[.]" *Id*. (referencing Dkts. 221 and 232). On July 18, 2024, the Hon. Dale E. Ho, United States District Judge overruled plaintiff's objections to the July 9 order, denied defendants' request for sanctions, "without prejudice to renewal," and cautioned plaintiff again that parties who "resort to profane, insulting, or abusive language . . . risk significant sanctions." (Dkt. 260 at 4.)

These orders, unfortunately, have not been sufficient to curb plaintiff's abuses. On September 10, 2024, plaintiff submitted a letter that does not request any cognizable relief under any identifiable rule, statute, or other authority. Nor does it provide the Court with any new information relevant to any matter currently pending for decision. Instead, plaintiff once again complains that there was a "forged instrument" in the Bronx Criminal Court file that he received from defendants' attorney in June, *see* Pl. 9/10/24 Ltr. (Dkt. 270) at 1; claims that the same attorney has a "history of habitual violations of ABA model rules and The NY Rules of Professional Conduct," *id*.; and asserts that the "current issue with the adverse attorney is getting to the point of obstruction of justice with the alleged quest for 'records.'" *Id*.[6]

Defendants responded on September 12, 2024, renewing their request that plaintiff be sanctioned for his "defamatory and unprofessional conduct." Def. 9/12/24 Ltr. (Dkt. 271) at 2. Predictably, plaintiff doubled down within hours. In his newest letter, plaintiff once again accuses defendants' counsel of committing "fraud" in connection with his deposition as well as the "forged

---

[5] To date, plaintiff has failed to submit the allegedly "doctored" document to the Court – much less compare it to the original Bronx County Criminal Court file.

[6] The Court understands the "current issue" to be an email from defendants' counsel to plaintiff on September 10, 2024, reporting that defendants still did not have the file regarding one of plaintiff's arrests, but acknowledging, correctly, that "we will have to file our dispositive motions by 9/30 regardless." Dkt. 270-1.

instrument" included in the Bronx Criminal Court file. *See* Pl. 9/12/24 Ltr. (Dkt. 272) at 2.[7] Once again, he promises to submit the "forged instrument" at some point in the future. *Id*. He concludes as follows:

> Nothing I've stated about the attorney is defamatory or alleged whatsoever. The adverse attorney's conduct/practice throughout discovery is worthy of her being tried before a federal tribune [sic] (**criminally**). It's not problematic for the plaintiff to prove the attorney's transgressions or her client's mockery of the jurisprudence in State Court. As cited above, I will include the forged instrument sent by the attorney as part of my MSJ when appropriate.

*Id*. at 2 (emphasis in the original).

When plaintiff applied for leave to participate in electronic case filing, he signed the following statement: "I understand that if my use of the ECF system is unsatisfactory, my e-filing privileges may be revoked, and I will be required to file documents in paper." Dkt. 176 at 2. Plaintiff's continued use of the ECF system to complain about past court rulings, recycle long-resolved disputes, and needle opposing counsel with constant and baseless accusations of unethical and criminal conduct, is unsatisfactory. Consequently, the Court exercises its discretion to REVOKE his electronic filing privileges.

Plaintiff may file pleadings, motion papers, letter-motions (to the extent authorized by Local Civil Rule 7.1) and status letters (to the extent requested or permitted by the Court) by using any of the following methods:

    a.    Drop off the document in the drop box located in the lobby of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007.

    b.    Mail or deliver the documents to the Pro Se Intake Unit at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007. The Pro Se Intake Unit (telephone (212) 805-0175) may be of assistance to pro se litigants in connection with court procedures, but cannot provide legal advice.

---

[7] Plaintiff also submitted a "corrected" version of his September 12 letter on September 13, 2024. *See* Dkt. 273.

      c.      Email the documents to ProSe@nysd.uscourts.gov.[8]

Plaintiff may continue to receive documents filed in this case by e-mail. To ensure that his ability to receive documents by email is uninterrupted, he should follow the instructions in the Consent to Electronic Service form.[9]

The Court reminds the plaintiff that he bears the burden of proof in this civil action. If he believes that the Bronx County District Attorney or the Bronx Criminal Court "doctored" a document in his criminal file (and if that issue is relevant to the parties' upcoming summary judgment motions), it is his obligation to submit *admissible evidence* in support of his claim, including both the "doctored" and the original document, as part of his summary judgment papers. However, should plaintiff continue to file letters which are procedurally unauthorized or substantively abusive, additional sanctions may become necessary.

The Clerk of Court is respectfully directed to remove e-filing access for plaintiff Edward Adams.

Dated: New York, New York
       September 13, 2024          **SO ORDERED**.

                                           **BARBARA MOSES**
                                           **United States Magistrate Judge**

---

[8] Instructions for filing documents by email may be found on the Court's website: https://nysd.uscourts.gov/prose.

[9] The form may be found on the Court's website: https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

5