UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EDWARD P. ADAMS,<br><br>                        Plaintiff,<br><br>                v.<br><br>CO-OP CITY DEPARTMENT OF PUBLIC SAFETY, et al.,<br><br>                        Defendants. | 21 Civ. 2675 (DEH)<br><br>**MEMORANDUM<br>OPINION AND ORDER** |

DALE E. HO, United States District Judge:

Before the Court is the September 17, 2025 Report and Recommendations (the "Report" or "R. & R.") issued by Magistrate Judge Moses recommending (1) "that [P]laintiff's [M]otion [for Summary Judgment] be denied," (2) that Defendants' Motion for Summary Judgment on Mr. Adams's claims for false arrest and fabrication of evidence, and his *Monell* claims against Riverbay Corporation ("Riverbay") and Co-Op City Department of Public Safety ("CCDPS") be granted, and (3) that Defendants' Motion for Summary Judgment on Mr. Adams's claims for excessive force, unlawful search and seizure, and unlawful entry be denied because there remain disputed issues of fact as to these claims.[1]  For the reasons stated below, Magistrate Judge Moses's well-reasoned Report is **ADOPTED IN FULL**.

## BACKGROUND

Familiarity with the factual background and relevant procedural history of this case as set out in the Report is assumed.[2]

---

[1] *See* R. & R. at 1, ECF No. 307.

[2] *See generally* R. & R. at 1-19.

This action is assigned to Magistrate Judge Moses for general pretrial supervision and report and recommendation on dispositive motions.[3]  On September 17, 2025, Magistrate Judge Moses issued the Report.[4]  The parties' objections to the Report were due by October 1, 2025.[5] Defendants timely filed their Objections to the Report.[6]  On October 8, 2025, Mr. Adams filed his Objections,[7] which he amended on October 14, 2025,[8] and again on October 20, 2025.[9]  Given the Mr. Adams's *pro se* status, the Court will accept these filings as timely.[10]  On October 23, 2025, Defendants Riverbay, CCDPS, Thomas, Lugo, Ahmed, Pasquale, and Wells filed an opposition to Mr. Adams's Objections.[11]

After reviewing the Report, Mr. Adams's and Defendants' Objections, and the Opposition, the Court adopts the Report in its entirety.

---

[3] *See* ECF Nos. 19, 289.

[4] *See generally* R. & R.

[5] *See* R. & R. at 47 ("The parties have 14 days from this date to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).").

[6] *See* Defs.' Objs., ECF No. 312.

[7] ECF Nos. 313-14.

[8] ECF No. 316.

[9] ECF No. 317.  For the purposes of this Opinion and Order, Mr. Adams's October 8, 2025 Objections are construed as the operative objections, however the Court incorporates Mr. Adams's October 14, 2025 and October 20, 2025 amendments as relevant.

[10] The Court examines submissions from *pro se* plaintiffs with "special solicitude," *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010), "and will interpret them to raise the strongest arguments that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

[11] Defs.' Opp'n ("Opp'n"), ECF No. 319.

## LEGAL STANDARD[12]

When reviewing a Report and Recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[13] For dispositive matters, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by any party.[14] For those portions to which no proper objection is made, a district court need only satisfy itself that there is no "clear error on the face of the record."[15]

An objection is proper when it is timely, specific, and does "not raise new arguments not previously made before the magistrate judge."[16] A district judge may not reject a party's objections by "appl[ying] an additional qualification . . . [that] requir[es] that an objection may not reiterate . . . arguments already raised before the magistrate judge."[17] But, when a party has not properly made objections, for instance, by making "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers, it] will not suffice to invoke de novo review."[18]

---

[12] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[13] 28 U.S.C. § 636(b)(1)(C).

[14] Fed. R. Civ. P. 72(b)(3).

[15] *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 n.4 (2d Cir. 2022).

[16] *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 359 (2d Cir. 2025).

[17] *Id.* at 359-60.

[18] *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 313 (S.D.N.Y. 2009); *see also Nambiar*, 158 F.4th at 361 ("But as we explained, [clear error review] should be applied *only* when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (quotations omitted).

**DISCUSSION**

Both Mr. Adams and Defendants raise objections to the Report.  Mr. Adams objects with respect to the Report's grant of summary judgment in Defendants' favor on his fabrication of evidence and false arrest claims.  Defendants object with respect to the Report's denial of summary judgment on Mr. Adams's search and seizure claim, excessive force claim, and unlawful entry claim.

## I.    Mr. Adams's Objections

Mr. Adams objects to Magistrate Judge Moses's determination that summary judgment should be granted in Defendants' favor on his claims for fabrication of evidence[19] and false arrest.[20] These objections are not proper because they are not specific; however, even if the Court were to apply *de novo* review, Mr. Adams's objections fail on the merits.  Magistrate Judge Moses's characterization of the law is correct; Mr. Adams does not point to any evidence that she should have but failed to consider, and does not address deficiencies in his case identified in the Report. For example, the Report correctly states that a plaintiff "cannot seek civil damages against defendants Thomas and Pasquale (under § 1983 or otherwise) for giving false testimony."[21]  Mr. Adams does not dispute this point of law; he simply objects by directing the Court back to prior witness testimony.[22]  Similarly, the Report correctly notes that the fact that charges are ultimately

---

[19] Pl.'s Objs. at 1-4, 9-11, ECF No. 313.

[20] *Id.* at 4-8.  Mr. Adams also raises objections to other aspects of the Report, however the Court does not consider these objections because they concern claims that *survive*.  *Id.* at 8 (Excessive Force), 8-9 (Unlawful Search and Seizure of Vehicle).  Mr. Adams also contests Magistrate Judge Moses's characterizations of his claims, *id*. at 6, but the Report clearly applied the correct legal standard afforded to *pro se* plaintiffs, Report at 19, and Mr. Adams does not specify which pleadings he believes Magistrate Judge Moses misconstrued.

[21] Report at 40-42.

[22] Pl.'s Objs. at 1-4, 6-7.

dropped or that a person is acquitted are not, by themselves, enough to establish that there was no probable cause in effectuating an arrest.[23]  Yet Mr. Adams repeats the points that the charge against him for leaving the scene of an accident was "deemed a NULLITY in favor of the accused (Adams),"[24] and that his "Felony Reckless Endangerment charge pleaded out to a violation . . . ."[25] The Report also points to several shortcomings in Mr. Adams's allegations that the wanted poster was altered, including the absence of admissible evidence showing that the poster was doctored in some respect.[26]  In response, Mr. Adams fails to address those deficiencies and instead repeats conclusory arguments correctly rejected by Magistrate Judge Moses.[27]  Accordingly, Mr. Adams's objections are overruled.

## II.      Defendants' Objections

### A.      Search and Seizure of Mr. Adams's Vehicle

Defendants object to the Report's conclusion regarding the search of his car on the grounds that: (1) Magistrate Judge Moses "overlooked the documentary evidence that supports that . . . [Mr. Adams]'s vehicle was vouchered as arrest evidence at the direction of the Bronx District Attorney's Office,"[28] (2) Defendant Lugo had a reasonable "belief that . . . [Mr. Adams]'s vehicle

---

[23] Report at 25; *see also id.* at 28 (collecting cases showing that a plea to a lower-level offense, like a violation, "is nonetheless fatal to [Plaintiff's] false arrest claim").

[24] Pl.'s Objs. at 4.

[25] *Id.*; *see also id.* at 7 ("A violation in NYC is not a crime.").

[26] Report at 42-44.

[27] *Compare* Report at 43 (describing the lack of evidence showing Defendants Pasquale and Thomas "doctored" the wanted poster), *with* Pl.'s Objs. at 2 (stating that Defendants Pasquale and Thomas were purportedly *provided* the allegedly altered wanted poster by an unnamed "supervisor").

[28] Defs.' Objs. at 7.

could have . . . contained [a gun],"[29] and (3) Mr. Adams's vehicle could have been used in the commission of a crime, based on a complaining victim's claims that Mr. Adams almost ran over her while he was driving it.[30]

The Court finds Defendants' objections unavailing. As to Defendants' first point—that Magistrate Judge Moses purportedly overlooked documentary evidence that the seizure happened at the behest of the Bronx District Attorney's Office—this objection fails because the factual evidence Defendants point to does not demonstrate probable cause. Defendants' briefing on this point is somewhat unclear, but they draw the Court's attention to an Unusual Incident Report issued at the time of Mr. Adams's March 28, 2018 arrest, which states that the "vehicle was confiscated and vouchered . . . due to [Plaintiff] trying to run to the vehicle during the arrest."[31] But this single statement alone does not establish that Defendant Lugo had a reasonable belief that the vehicle contained contraband, or that the vehicle contained other evidence of a crime;[32] therefore, there is a question of fact as to whether Defendant Lugo had probable cause to search the vehicle.[33]  Instead, this "merely perfunctory response[],"[34] simply rehashes an argument

---

[29] *Id.* at 8.

[30] *Id.*

[31] Defs.' Objs., Ex. G, at Ex. A, ECF No. 312-7.

[32] The Unusual Incident Report does not specify what the arrest was for, but the Affidavit of Joel Lugo states that Mr. Adams "was charged with various crimes, including . . . resisting arrest . . . ." Defs.' Objs., Ex. B ¶ 6, ECF No. 312-2. The Court is left to speculate as to whether Defendants now argue that, because Mr. Adams was arrested for resisting arrest, and because Mr. Adams allegedly ran to the vehicle, the Unusual Incident Report supports an inference that the car was evidence of resisting arrest. To the extent Defendants attempt to make this argument, which the Court notes is not at all clear from their objections, they have not previously raised it and the Court therefore does not consider it. *See* Defs.' Mem. Law Supp. Mot. Summ. J.at 18, ECF No. 286; Defs.' Reply Mem. Law Supp. Mot. Summ. J.at 7, ECF No. 294.

[33] *See United States v. Gagnon*, 373 F.3d 230, 235 (2d Cir. 2004) (finding probable cause to exist when "the vehicle contains contraband or other evidence of a crime").

[34] *See Owusu*, 655 F. Supp. 2d at 313.

already made to Magistrate Judge Moses and does not elaborate on why Defendants believe the conclusion that was reached was in error.

As to Defendants' second and third objections—that Defendant Lugo reasonably believed that the car could have contained a gun because of a prior arrest for gun possession and that the vehicle could have been used in the commission of a crime because it was allegedly used to drive towards someone at a high speed—Magistrate Judge Moses noted that Defendants could have made these arguments but did not.[35]  Because an objection cannot "raise new arguments not previously made before the magistrate judge," this objection is improper.[36]

In sum, Defendants' objections to the Report's conclusions regarding Mr. Adams's unlawful search and seizure claim are overruled.

### B.    Excessive Force

Defendants object to the Report's conclusion "that there is an issue of fact as to whether the officers' conduct was reasonable under the circumstances and whether the force used was excessive."[37]  Defendants contend that "[t]he evidence establishes that any force used by the CCDPS officers in order to apprehend and place Mr. Adams under arrest were reasonable under the circumstances since Mr. Adams was resisting arrest and struck another Officer in the face."[38]

This objection is merely perfunctory.  The Report clearly outlines several disputed facts that are material to determining whether the force used was reasonable.[39]  Defendants make no effort to point to other facts in the record that establish that these open questions have undisputed

---

[35] Report at 38 n.23.

[36] *See Nambiar*, 158 F.4th at 359.

[37] Defs.' Objs. at 9.

[38] *Id.* at 9-10.

[39] Report at 31-33.

answers, nor do they cite any cases that show these questions of fact are immaterial.[40]  Instead,

Defendants reiterate that Mr. Adams was resisting arrest and that he had minimal injuries.[41]  These

arguments were already made to Magistrate Judge Moses,[42] Magistrate Judge Moses gave them

thoughtful consideration,[43] and Defendants do not establish that that consideration was

inadequate.[44]  This objection is overruled.

### C.    Entry into Apartment

Warrantless entry into someone's home does not violate the Fourth Amendment when the

entry is reasonable, such as when there is a need to assist someone who has been seriously

injured.[45]  Defendants object to the Report's conclusion that there is a question of fact about

whether entry into the apartment was reasonable.[46]  Defendants contend that, because the evidence

shows Defendant Wells was concerned that there may have been people with serious injuries

within the apartment, "the evidence establishes that . . . entry . . . was reasonable under the

circumstances."[47]  Defendants offer that, because the complaining victim alleged that Mr. Adams

had assaulted her, and because he was "present" in the apartment, there may have been other

injured people within the apartment.[48]

---

[40] Defs.' Objs. at 10.

[41] *Id.*

[42] Defs.' Mem. Law Supp. Mot. Summ. J. at 19-22; Defs.' Reply Mem. Law Supp. Mot. Summ. J. at 8-10.

[43] Report at 32-36.

[44] Defs.' Objs. at 10.

[45] *Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006) (describing the "exigent circumstances" exception).

[46] Defs.' Objs. at 10-11.

[47] *Id.*

[48] *Id.* at 11.

As with Defendants' other objections, this objection is "merely perfunctory."  Defendants' objection does not articulate how this evidence demonstrates that there is *no* dispute as to whether Defendant Wells's entry was reasonable.  A jury could, for example, find that Defendant Wells's belief that there were injured people *inside* the apartment was not justified based on evidence showing that the complaining victim was injured only when she was *leaving* the apartment.[49]  Or, a jury could find that Defendant Wells's belief  that there may be other injured people inside the apartment was unreasonable because, at the time, he did not know if there was anyone in the apartment.[50]  Or, a jury could conclude that Mr. Adams was not "present" in the apartment at all, because at least some evidence points to him being in the hallway outside of the apartment, not within it.[51]  Defendant Wells's assertion that he had a vague concern that there may have been other people with other injuries simply because one person was injured, without any evidence about why he had that concern, leaves open questions of fact that are for a jury to decide. Accordingly, this objection is overruled.

---

[49] Report at 15.

[50] *Id.*

[51] *Id.*

**CONCLUSION**

For the reasons given above, the Report is **ADOPTED IN FULL**. Mr. Adams's claims that individual Defendants: (1) unlawfully searched and seized his vehicle, (2) exercised excessive force, and (3) unlawfully entered the apartment are the only claims that remain. Within fourteen (14) days of this Opinion, the parties shall meet and confer, and Defendants' counsel shall submit a to the Court indicating the parties' availability for trial during the months of July, August, and October 2026, and an estimate as to the length of trial. The letter shall also indicate whether parties seek a referral for the District's private mediation program, or for a settlement conference before the designated Magistrate Judge. Further, in light of this Order, Mr. Adams's Motion to Grant Relief[52] is **DENIED AS MOOT**.

The Clerk of Court is respectfully requested to terminate ECF Nos. 279 and 290, and to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 17, 2026

New York, New York

_____
DALE E. HO
United States District Judge

---

[52] ECF No. 290.