```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    03/11/26
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWARD ADAMS,

        Plaintiff,

-against-

THE CO OP CITY DEPARTMENT OF
PUBLIC SAFETY, et al.,

        Defendants.

21-CV-2675 (DEH) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court respectfully directs the Clerk of Court to seek pro bono counsel to enter a limited appearance on behalf of plaintiff Edward Adams for the purpose of preparing for and conducting a settlement conference before Judge Moses. The settlement conference is currently scheduled for **April 29, 2026, at 2:15 p.m.**, in Courtroom 20A, 500 Pearl Street, New York, NY 10007. Pro bono counsel will file a Notice of Limited Appearance as Pro Bono Counsel and represent plaintiff solely for the purposes of settlement. That representation will terminate at the conclusion of the settlement process. *If plaintiff does not want any pro bono counsel to assist him at the settlement conference, he must so notify the Court immediately*.

Plaintiff brought this case pursuant to 42 U.S.C. § 1983 against Riverbay Corporation (Riverbay), Co-Op City Department of Public Safety (CCDPS), and CCDPS officers Charles Thomas, Joel Lugo, Marcelo Ahmed, Nicola Pasquale, and Kendrick Wells (the individual defendants), for false arrest, excessive force, unlawful search and seizure, unlawful entry, and fabrication of evidence. On February 17, 2026, ruling on cross-motions for summary judgment, the Court dismissed plaintiff's *Monell* claims against Riverbay and CCDPS, as well as certain of his claims against the individual CCDPS officers. (Dkt. 332.) Remaining for trial are plaintiff's claims against the individual defendants: (1) for using excessive force during an arrest on March 25, 2018; (2) for unlawful search and seizure of his vehicle in connection with the March 25, 2018

arrest; and (3) for unlawful entry into his apartment during an unrelated incident on March 20, 2020.

The courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases – unlike criminal cases – there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.* Even if a court believes that a litigant should have a free lawyer, it has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-10 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of plaintiff's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order. Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of plaintiff in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to plaintiff or to the Court in this matter.

The Clerk of Court is directed to attempt to locate pro bono counsel to represent plaintiff for the limited purposes described above. The Court advises plaintiff that there are no funds to

retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, there is no guarantee that counsel will volunteer in time to assist with the settlement. Since there is no guarantee that a volunteer attorney will decide to take the case, plaintiff should be prepared to attend the settlement conference without an attorney if necessary. If an attorney volunteers, that attorney will contact plaintiff directly beforehand. If plaintiff chooses not to work with the volunteer attorney who offers his or her services, plaintiff's options are to obtain new counsel on his own or proceed pro se.

Dated:    March 11, 2026                           **SO ORDERED.**
          New York, New York

_____
**BARBARA MOSES**
**United States Magistrate Judge**