UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ADAMS,<br><br>     Plaintiff,<br><br>     v.<br><br>CO-OP CITY DEPARTMENT OF PUBLIC<br>SAFETY ET AL.,<br><br>     Defendants. | 21 Civ. 2675 (DEH)<br><br>OPINION AND ORDER |

DALE E. HO, United States District Judge:

On February 26, 2026, Plaintiff Edward Adams filed a notice of a motion to amend the Second Amended Complaint,[1] which is currently the operative complaint in this case. Defendants opposed this motion,[2] and Mr. Adams filed multiple replies.[3] Before the Court had an opportunity to rule, Mr. Adams subsequently filed three additional motions to amend.[4] In substance, all of the motions to amend seek to add a claim of fraud against the Bronx District Attorney and a claim of fraudulently acting under the color of law against the Co-Op City Department of Public Safety ("CCDPS") tour supervisor Liz Devalle.[5] For the reasons stated herein, leave to amend is **DENIED**.[6]

---

[1] ECF No. 325.

[2] ECF No. 339.

[3] ECF Nos. 340 & 341.

[4] ECF Nos. 364, 371, & 373.

[5] *See e.g.*, ECF No. 365, at 2; ECF No. 366, at 1, 6-7.

[6] The Court treats Mr. Adams's most recent motion to amend, ECF No. 373, as the operative motion for the purposes of this order. All prior motions to amend, ECF Nos. 325, 364, & 371, are thus **DENIED as moot**.

A court "should freely give leave [to amend] when justice so requires,"[7] but need not do so "where the substance of the claim pleaded is frivolous on its face"[8] or "amendment [is otherwise] futile."[9] A complaint alleging fraud must satisfy heightened pleading requirements set forth in Fed. R. Civ. P. 9(b).[10] Rule 9(b) requires that "a party . . . state with particularity the circumstances constituting fraud or mistake." In concrete terms, this means that "a complaint must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent."[11]

## I.  Fraudulent Indictment Issued by Bronx District Attorney

In the proposed Third Amended Complaint, Mr. Adams alleges that the March 25, 2018 arrest and underlying indictment[12] were "partially initiated by [a] fraud based warrant" because of a "fraudulent wanted poster," an "account given of . . . alleged menacing . . . by their own complaining witness[,]" and perjury.[13]

Mr. Adams's fraud claim against the Bronx District Attorney is, in substance, based on arguments and claims that have already been considered and dismissed by this Court. As explained

---

[7] Fed. R. Civ. P. 15(a)(2).

[8] *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

[9] *Thomas v. Carter*, 581 F. Supp. 3d 651, 655 (S.D.N.Y. 2022).

[10] *Set Cap. LLC v. Credit Suisse Grp. AG*, 996 F.3d 64, 75 (2d Cir. 2021).

[11] *Emps.' Ret. Sys. of Gov't of the V.I. v. Blanford*, 794 F.3d 297, 305 (2d Cir. 2015).

[12] There are, apparently, two indictments related to the March 25, 2018 arrest. According to Mr. Adams, the criminal contempt and alleged menacing charges were severed from the 444-2018 indictment "by way of cross motion[s] granted in state court" and were "placed into the lone 252-2019 [i]ndictment." ECF No. 373, at 12. Because the 252-2019 indictment was later severed, the facts underlying the 444-2018 indictment are inclusive of the facts underlying the 252-2019 indictment, and for the purposes of this Order, the two indictments are treated as one.

[13] *Id.*, at 10.

in Magistrate Judge Moses's well-reasoned Report and Recommendations ("R. & R." or "the Report"),[14] which was adopted by this Court in full,[15] Mr. Adams's papers were liberally construed "as raising the argument that [the indictment] was 'procured through fraud or bad faith,'. . . , due to the Grand Jury testimony of Officer Pasquale concerning the 'doctored' Wanted Poster."[16] The proposed Third Amended Complaint, however, alleges no facts with respect to the wanted poster that, accepted as true, meet the heightened pleading standard required for a fraud claim. It does not, for example, identify with any specificity who allegedly "doctored" the wanted poster.[17] Conclusory claims that the poster was altered are insufficient.

Likewise, Mr. Adams's claim that the indictment was issued based on perjury has been previously construed by this Court as a fabrication of evidence claim, and has been dismissed.[18] Like the Second Amended Complaint, the proposed Third Amended Complaint "does not explain how defendants' testimony was false."[19] He appears to contend that Defendants Pasquale and Thomas presented perjured testimony regarding the wanted poster; but, as discussed above, there are no allegations that, accepted as true, could reasonably establish the wanted poster as fraudulent. Beyond that, Mr. Adams fails to explain how their testimony was fraudulent and thus fails to meet the heightened pleading standard required of a fraud claim.

---

[14] ECF No. 307.

[15] ECF No. 322.

[16] R. & R. at 26.

[17] The Report identified this flaw. "[P]laintiff points to no evidence suggesting that [Defendants] Pasquale and Thomas did any 'doctoring,' were aware of any 'doctoring' done by others, or 'forwarded' any doctored evidence 'to prosecutors,' as required for a fabrication of evidence claim against a police officer. . . . To the contrary: plaintiff concedes that he has no idea who was involved in the alleged fabrication, or even whether it was done at CCDPS or Riverbay." *Id.* at 43.

[18] ECF No. 322, at 4-5.

[19] R. & R. at 4.

3

Finally, Mr. Adams contends that the warrant was fraudulent because it was based, in part, on the allegations of menacing by a complaining witness. The Court fails to understand how this could, if accepted as true, be the basis of a fraud claim. "It is well-established that a law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness, unless the circumstances raise doubt as to the person's veracity."[20] Nothing in the proposed Third Amended Complaint establishes that the circumstances surrounding the allegations of the complaining victim raised doubt as to her veracity.[21]

## II. Fraudulently Acting under Color of Law by Liz Devalle

Mr. Adams alleges that "River-Bay Corporations' security forces hold no jurisdiction outside of the 320 acres which Co-Op City consists of" and thus they "were fraudulently acting under color of law pertaining to all state cases."[22] The Court notes that Defendants allege that CCDPS officers are state certified peace officers with authority to make arrests anywhere in the State of New York.[23] However, taking the allegations within the proposed Third Amended Complaint as true, the Court cannot identify any private right of action arising from this allegation. Impersonating a police officer is a criminal offense in New York,[24] but "criminal offenses . . . [that] are specifically defined in the Penal Law, may not be pleaded as separate causes of action in

---

[20] *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (cleaned up)); *see also Martinez v. Simonetti*, 202 F.3d 625, 634 (2d Cir. 2000) ("[P]olice officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed. They are also entitled to rely on the allegations of fellow police officers.") (citations omitted).

[21] R. & R. at 27 (finding that the accusations of a complaining witness "furnished probable cause for an arrest on charges of criminal contempt, reckless endangerment, and menacing.").

[22] ECF No. 373 at 8.

[23] R. & R. at 7.

[24] New York Penal Law § 190.26.

a civil action."[25]   To the extent these allegations pertain to Mr. Adams's false arrest claim, on which the Court has already granted summary judgment for Defendants,[26] "the issue is irrelevant to plaintiff's § 1983 claims, which by definition require that the defendants have been acting 'under color of' state law."[27]

For these reasons, the Court finds that granting leave to amend would be futile, and Mr. Adams's motion to amend is therefore **DENIED**.  While most complaints are drafted without the benefit of discovery, the Court notes that this motion comes after the close of discovery.  Mr. Adams's failure to allege facts sufficient to state a claim, despite having the benefit of full discovery, indicates that further motions to amend will be similarly futile and, absent good cause, the Court will not consider them.  The Court further notes that frivolous filings may result in sanctions.

The Clerk of Court is respectfully directed to close ECF Nos. 325, 364, 371, and 373.

SO ORDERED.

Dated: June 15, 2026
    New York, New York

_____
DALE E. HO
United States District Judge

---

[25] *Montalvo v. J.P. Morgan Chase and Co.*, Civ. No. 4221-09, 2009 WL 4893939, at *6 (N.Y. Sup. Ct. Dec. 18, 2009) (citing *Crandall v. Bernard, Overton & Russell*, 133 A.D. 2d 878, 879 (1987, *appeal dismissed*, 70 N.Y. 2d 940 (1988); *see also Dollar Tree Stores, Inc. v. Serraty*, Civ. No. 16-6818, 2018 WL 1180165, at *12 (E.D.N.Y. Feb. 14, 2018) ("Plaintiffs have alleged criminal claims of (1) extortion and (2) illegal impersonation in violation of New York Penal Law 190.25.  As such claims allege criminal offenses, they do not constitute valid civil claims.")

[26] ECF No. 322, at 4-5.

[27] R. & R. at 7 n.8.